In the Matter of the Petition of ROLLIN M. SQUIRE, Commissioner, etc.

### *In re* Claim of ASBURY LESTER, Appellant.

*Court of Appeals, January* 13, 1891.

Affirming 57 Hun, 591, mem.

1. *Eminent domain. Aqueduct.*—The provision of the act of 1883 (section 18 of chap. 490), to provide an increased water supply for the city of New York, does not impose upon the city a liability for damages for the temporary inconvenience occasioned to adjacent lot owners from the prosecution of the work. It applies only to permanent injuries arising from the completed works and their use thereafter.

2 *Same.*—Where a lot is taken by the city under this act, an engine-house and fixtures erected upon it and coal deposited thereon to be used in the construction of the aqueduct, the use of which is to be continued only while the work is in progress, an owner and occupant of a house on an adjoining lot, though seriously incommoded by the noise, soot, smoke and dust, is not entitled to damages therefor under said act.

Appeal from judgment of the supreme court, general term, second department, affirming finding of commissioners that claim of Asbury Lester should be disallowed.

*James A. Deering*, for appellant.

*D. J. Dean*, for respondent.

ANDREWS, J.—The appellant, Asbury Lester, presented a claim for damages to his property in the city of New York, contiguous to lands actually taken for the purpose of a public aqueduct, under chapter 490 of the Laws of 1883.

Section 11 of the act authorizes the commissioners to award

damages to the owner of lands contiguous to land taken " which may be affected by the construction and maintenance " of the aqueduct and its appurtenances. The lot adjacent to the lot of the claimant was taken by the city, and upon it was erected an engine house and fixtures, and coal was deposited thereon to be used in the construction of the aqueduct, but so far as appears the appropriation of the lot for that purpose was temporary, and was to be continued only while the work was in progress. The claimant has a house on his lot, which he occupied as a residence, and he was seriously incommoded by the noise and by soot and smoke from the engine on the adjacent lot, and the dust from the coal deposited thereon.

The remedy sought in this proceeding is purely statutory, and the only question is whether the injury which the claimant suffered is within the statute, for which the commissioners were authorized to award compensation.

We are of opinion that the language of the eleventh section, authorizing damages to the owner of lands " which may be affected by the construction and maintenance " of the aqueduct and its appurtenances, applies only to permanent injuries to the land from the completed works and their use thereafter. It may be supposed that the legislature understood that the construction of the aqueduct would injuriously affect rights appurtenant to contiguous lands, and that the structures which were to form a part of the aqueduct system might interfere with the enjoyment or impair the value of such contiguous lands, and that for consequential injuries merely sustained in consequence of the construction and maintenance of public works under legislative authority the parties would not under the general rule of law have any redress.

It was, we think, to meet this class of cases that the provision in question was made. It would require very clear language to impose a liability upon the city for damages for the temporary inconvenience which would be occasioned to

adjacent lot owners from the prosecution of the work and during the course of construction.

The view we have taken is illustrated by the cases which have arisen in England under the "Lands' Clauses Consolidation Act" and "The Railways' Clauses Consolidation Act," of 8th and 9th Vict. The sixty-eighth section of the act first mentioned authorized compensation "in respect of any lands or any interest therein which shall have been injuriously affected by the execution of the works." The sixth section of "The Railways' Clauses Consolidation Act" requires compensation to be made of all lands taken "or injuriously affected by the construction" of a railway.

In Ricket v. Directors of Metropolitan Railway Co., L. R. 2 Eng. & Ir. App. Cases, 175, the plaintiff claimed to recover compensation for temporary obstruction of the highway during the construction of the defendant's railway, which prevented free passage of persons and resort to the plaintiff's inn. The clauses in the two acts mentioned were elaborately considered by the judges and the cases reviewed, and it was held that the case was not within the act. Lord Chelmsford, referring to the words "injuriously affected by the construction," etc., said that they "appear to me to apply not to temporary, but to permanent works of companies," and Lord Cranworth, was of opinion that "the injury must be an actual injury to the land itself, as by lowering the foundation of the buildings on it, or obstructing its light or its drains, making it inaccessible by lowering or raising the ground, or by some such physical destruction," to bring a case within the act.

We think the injury of which the appellant complains was not within the language of the eleventh section of the act of 1883, and that the claim was properly disallowed.

The order of the general term should, therefore, be affirmed.

Order affirmed, with costs.

All concur.