The judgment of conviction should be reversed and a new trial ordered.

HISCOCK, CHASE, COLLIN and HOGAN, JJ., concur; MILLER and CARDOZO, JJ., dissent.

Judgment of conviction reversed, etc.

---

In the Matter of the Application of WILLIAM R. WILLCOX et al., Constituting the Public Service Commission for the First District of the State of New York, Appellants, Relative to Acquiring Title to Certain Real Property Required for the Construction of a Rapid Transit Railroad in the Borough of Brooklyn, City of New York, Ashland Place Section, Fourth Avenue Subway.

THE CITY OF NEW YORK, Appellant; ELOISE T. W. MAD-DREN, Respondent,

Rapid Transit Act — acquisition of property for a subway, not described, shown or mentioned by maps, plans or petition — when court may not order damages therefor to be ascertained and awarded.

The proceeding under the Rapid Transit Act (L. 1891, ch. 4, as amd.) to acquire property for the purposes of a subway rapid transit railroad is instituted to acquire or extinguish the property rights as defined by the statute, which are described and specified in the petition and maps or plans and memoranda filed referred to by it and not any other. The statute does not give the Supreme Court the power, the city opposing, to direct the commissioners of

appraisal to ascertain and determine the compensation to owners of property taken or affected by or in the course of the construction of the road within the part of the street in question, but not described, shown or mentioned by the maps or plans, memoranda or petition. (*Matter of Rapid Transit R. R. Comrs.*, 197 N. Y. 81, distinguished.)

*Matter of Willcox*, 163 App. Div. 13, reversed.

(Argued September 30, 1914; decided December 15, 1914.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered May 29, 1914, which affirmed an order of Special Term amending *nunc pro tunc* a prior order thereof which appointed commissioners of appraisal in a proceeding instituted under the Rapid Transit Act (L. 1891, ch. 4, as amd.) to acquire property for the purposes of a subway rapid transit railroad.

The amended order directed the commissioners of appraisal to ascertain and appraise the compensation to be made to the owners "of property so to be taken or extinguished for the purposes indicated" in the statute instead of "of the property described in the said petition" upon which the original order was granted.

The Appellate Division certified the three questions:

"Question Number One: Had the Special Term of the Supreme Court power to make an order in the above-entitled proceeding, which bears date January 16, 1914, and which amends the order appointing the Commissioners of Appraisal herein, dated October 23d, 1910?

"Question Number Two: Was it the duty of the petitioners in the above-entitled matter to include in the condemnation proceeding initiated by them the owners of all property and the property of such owners taken or extinguished for the purpose indicated in Chapter 4 of the Laws of 1891 as amended, including the right of lateral support and physical damages occasioned or to be occasioned to the adjacent property of such owners during and by reason of the construction of the said subway?

"Question Number Three: Has the Supreme Court, in making the order appointing the Commissioners of Appraisal, pursuant to the Rapid Transit Act (Chapter 4 of the Laws of 1891 as amended) or in making the order amending the order appointing such Commissioners of Appraisal, power to require the Commissioners of Appraisal to ascertain and appraise the ·compensation to be made to the owners of property so to be taken or extinguished for the purposes indicated in Chapter 4 of the Laws of 1891 as amended?"

The facts, so far as material, are stated in the opinion.

*Frank L. Polk, Corporation Counsel (Charles J. Nehrbas, Terence Farley* and *Edward J. Kenney, Jr.,* of counsel), for appellants. The Supreme Court was without power to make the order appealed from. (*Matter of City of Buffalo,* 189 N. Y. 163; *Matter of Fowler,* 53 N. Y. 60; *Matter of Deansville Cemetery Assn.,* 66 N. Y. 572; *People ex rel. Ithaca* v. *D., L. & W. R. R. Co.,* 11 App. Div. 280; 159 N. Y. 545; *Matter of City of New York,* 163 App. Div. 10; *People ex rel. Johnson* v. *Vil. of Whitney's Point,* 102 N. Y. 81; *Matter of Simmons,* 152 App. Div. 503; 206 N. Y. 577; *Matter of N. Y. & W. S. R. R. Co.,* 89 N. Y. 453; *Matter of City of New York,* 116 App. Div. 801.)

*Edward M. Grout* and *James F. McKinney* for respondent. Questions Nos. 1, 2 and 3, certified by this court, should each be answered in the affirmative. (*Matter of Rapid Transit R. R. Comrs.,* 197 N. Y. 81; *Wakeman* v. *W. & W. Mfg. Co.,* 101 N. Y. 205.)

Collin, J. The respondent Maddren owns land and the buildings upon it contiguous to, but wholly without, a part of a street under the entire surface of which the subway railroad is to be constructed. She claimed that the excavation involved in the construction would extinguish the right or easement of lateral support of her property and

entitle her to substantial damages. She asserted that those damages are to be ascertained and appraised in this proceeding. The order was amended to effect such action. The appellant, The City of New York, asserts that the amendment was unauthorized; because the statute restricted the jurisdiction of the commissioners to the claims of the owners of property described in.the petition for their appointment, and the respondent was not such an owner.

To determine the question presented, the statute, which is the exclusive source of the authority that may be exercised by the courts or officers in executing it, must be studied. It vests in the public service commission the authority to determine, primarily, that a rapid transit railroad is for the interest of the public and the route and a general plan of construction which shall show the extent to which any street is to be encroached upon and the property abutting thereon affected. (Section 4.) At a subsequent stage of progress, the commission shall prepare plans and specifications for the construction, of exhaustive completeness and detail. (Section 6.) The commission is empowered to acquire, in behalf of the city, by condemnation, any real estate and any interest therein, and any rights and easements, including those of abutting owners, which, in its opinion, it shall be necessary to acquire or extinguish for the purpose of constructing and operating the road, thus planned and specified, free of interference or right of interference. (Section 39.) For the purpose of acquiring or extinguishing an interest in real estate " the commission shall cause three similar maps or plans to be made of each parcel of property which it may deem necessary so to be acquired, or to which there may be appurtenant rights, .terms, franchises, easements or privileges necessary so to be acquired or extinguished, designating each of said parcels by a number, and upon each map or plan so made or in a memorandum accompanying the same and to be deemed

part thereof the commission shall cause to be clearly indicated the particular estate or estates, rights, terms, privileges, franchises or easements to be acquired or extinguished for the purposes of this act, in relation to each and every piece or parcel of property described upon said map or plan," and shall transmit two thereof to the corporation. counsel. (L. 1891, ch. 4, amended by L. 1909, ch. 498, section 40.) The word "property," used in section 39 and the following sections, includes any real estate and any interest therein and any rights, privileges, franchises and easements, whether of owners, abutting owners or others, which, in the opinion of the commission, it shall be necessary to acquire or extinguish for the purpose of constructing and operating the road free of interference or right of interference. (Section 39, subd. 2.) Whenever and as often as the commission shall direct, the corporation counsel shall take the prescribed legal proceedings to acquire the property thus determined, mapped and defined to be acquired or extinguished. (Section 41.) He shall cause one of the maps or plans to be filed in the office of the register or the clerk of the county as specified. (Section 42.) He shall thereafter upon first giving a prescribed notice briefly describing the property sought to be acquired or affected and referring to a statement to be filed in the office of the commission of the property sought to be taken or extinguished and referring to the map or plan, present to the Supreme Court the petition of the commission for the appointment of commissioners of appraisal. The petition shall set forth, among other things, the filing of the maps or plans and memoranda and a general description of all the property to, or in or over or appurtenant to which any title, interest, right, franchise, easement, term or privilege is sought to be acquired, or extinguished, and of every right, franchise, easement or privilege sought to be acquired, each lot or parcel being more particularly described by a reference to the number

of said lot or parcel as given on said maps. (Sections 43, 44.) The court shall, upon the fulfillment of the prescribed conditions, make an order for the appointment of three persons as commissioners of appraisal "to ascertain and appraise the compensation to be made to the owners of property so to be taken or extinguished." Provision is made for the vesting in the city or the extinguishment of the property which in the maps, plans or memoranda is described as the property to be acquired or extinguished, as the case may be, and the liability of the city for the values thereof with interest. (Section 47.) "Every owner or person in any way interested in any property taken or extinguished as contemplated in this act, if he intends to make claim for compensation for such taking or extinguishment," shall exhibit to the commissioners of appraisal his claim and is entitled to give testimony and have a determination in regard to it. (Section 55.) The commissioners must procure from the corporation counsel a set of the maps or plans and memoranda already mentioned and shall view the property laid down on the map and annex to their report the set of maps or plans and memoranda. "Each said report shall contain a brief description of the property so taken or affected, with a reference to the map upon which the same is required to be indicated." In the case at bar neither the map or plan, nor the memoranda nor the petition portrayed, mentioned or indicated either the land and building of the respondent or the right or easement of lateral support thereto in the land of the street as property to be taken or extinguished.

The question whether or not the respondent owned a right of lateral support is not in the case. We may assume for the present purpose that she did. (*Matter of Rapid Transit R. R. Comrs.*, 197 N. Y. 81.) The question rather is, does the statute give the Supreme Court the power, the city opposing, to direct the commissioners of appraisal to ascertain and determine the compensation

to owners of property taken or affected by or in the course of the construction of the road within the part of the street in question, but not described, shown or mentioned by the maps or plans, memoranda or petition.

The proceeding is instituted to acquire or extinguish the property (as defined by the statute) described and specified in the petition and maps or plans and memoranda filed referred to by it and not any other. Such property and not any other is acquired or extinguished by it. The statutory provisions are clear and firm in the enforcement of such conclusion. The proceeding is to acquire or extinguish the property, in whole or in part, which, in the opinion of the commission, it shall be necessary to acquire or extinguish for the purpose of constructing and operating such road free of interference or right of interference. The commission and all persons acting under its authority are empowered to enter upon any and all such property and property adjacent to and within five hundred feet of it for the purpose of making the surveys and maps. The maps or plans and memoranda portray and relate exclusively to such property. The corporation counsel, whenever and as often as the commission shall deem it to be necessary and proper that the city should acquire any such property, shall institute the proceeding and the petition therefor must set forth the determination of the commission with respect to such property and a particular description of it. The notice of its presentation to the court shall describe such property as that to be acquired or affected by the proceeding and refer to a particularized description thereof filed in the office of the commission and the filed maps or plans or memoranda. It is that property and that alone which the city may seize in fee, enter upon and become liable in the proceeding to the respective owners for the true and respective values of, and the commissioners of appraisal are to "ascertain and determine the compensation which ought justly to be made by the said city to the

owners or persons interested in the property acquired or extinguished by said proceeding." Their report or reports can relate only to the property indicated on the map or plan and memoranda and described in the petition. The claims which they are required or authorized by the statute to consider are those of owners or persons interested in any property "taken or extinguished as contemplated in this act," that is, by the determination by the commission that the property is necessary, by the mapping of it and the description of it in the notice of presentation of and in the petition and in its presentation.

The statute contemplates and intends that the commission by conveyance or the provided proceeding in condemnation shall acquire or extinguish all the property needed for the construction of the road in accordance with the detailed plans and specifications and its operation free from interference or right of interference. It vests in the commission the exclusive power to determine that property. If the commission errs, it may from time to time make and file further maps or plans and memoranda amending those already filed, but not so as to defeat or impair any property or interest which shall have been already acquired, or to revive any interest or right which may have been already extinguished. (Section 40.) If the city seizes, enters upon or destroys any property which it has not acquired or extinguished as provided by the statute, it is, of course, a wrongdoer subject to the liabilities and remedies provided by law. The statute, however, does not give the Supreme Court the power to direct the commission to amend its determination or the maps or plans and memoranda and the petition, or to order the commissioners of appraisal to ascertain and appraise the compensation of owners of property not mapped, described or indicated by the map or plan and memoranda and petition and not acquired or extinguished by the proceeding.

The decision in *Matter of Rapid Transit R. R. Comrs.*

(197 N. Y. 81) is not in conflict with our present conclusion because the question here was not there presented by the record, arguments or brief of counsel.

The orders of the Appellate Division and the Special Term should be reversed, with costs in all the courts. Under the construction given by the counsel for both of the parties to the questions certified and their purposes, each of them should be answered in the negative.

HISCOCK, CHASE, HOGAN and MILLER, JJ., concur; WERNER, J., not voting; CARDOZO, J., absent.

Orders reversed, etc.