(Argued April 16, 1935; decided May 28, 1935.)

*Samuel Goldstein* and *Nathan L. Goldstein* for appellants. The trial court had jurisdiction to take testimony of every fact and circumstance, including physical damage, affecting the market value of claimant's remaining property resulting from the proper use for which the parcel

was acquired and to which it was put. (*Matter of Rapid Transit R. R. Commrs.* [*Joralemon St.*], 197 N. Y. 81; *Matter of City of New York* [*Lafayette Ave.*], 118 Misc, Rep. 161; *Evelyn Building Corp.* v. *City of New York.* 257 N. Y. 501; *South Buffalo Ry. Co.* v. *Kirkover,* 176 N. Y. 301; *Matter of Utica R. R. Co.,* 56 Barb. 456; *Matter of N. Y. C. & H. R. R. R. Co.,* 15 Hun, 63; *Matter of Lackawanna Western R. R. Co.,* 29 Hun, 1; *Henderson* v. *N. Y. C. R. R. Co.,* 78 N. Y. 423; *Newman* v. *M. E. R. Co.,* 118 N. Y. 618; *Bohm* v. *M. E. R. Co.,* 129 N. Y. 576; *County of Erie* v. *Friedenberg,* 221 N. Y. 389; *Matter of Port Byron-Weedsport State Highway,* 136 Misc. Rep. 148; *Board of Supervisors* v. *Beardslee,* 140 Misc. Rep. 894; *Matter of Public Service Comm.,* 205 App. Div. 848; 236 N. Y. 527; *Matter of Brooklyn Trust Co.* v. *City of New York,* 198 App. Div. 595; 234 N. Y. 520; *Matter of City of Binghamton* [*Leroy St.*], 188 App. Div. 58.) The issue involved in the application for a prohibition order was the correct rule of damage to be applied in the condemnation proceeding, and prohibition was not the proper remedy to determine that question. (*People ex rel. Woodbury* v. *Hendrick,* 215 N. Y. 339; *People ex rel. Livingston* v. *Wyatt,* 186 N. Y. 383; *People ex rel. Childs* v. *Extraordinary Trial Term,* 228 N. Y. 463; *People ex rel. Mayor* v. *Nichols,* 79 N. Y. 582.) The contracting corporation was not a party in the condemnation proceeding and, therefore, not a proper party to invoke the remedy of prohibition, nor could the contractor be made a party in this statutory proceeding by being " vouched in." (*Matter of Low,* 208 N. Y. 25; *Matter of Public Service Comm.,* 170 App. Div. 423; *Matter of Board of Street Openings,* 111 N. Y. 581; *N. Y. C. R. R. Co.* v. *Marvin,* 11 N. Y. 276; *Matter of Minzesheimer* v. *Prendergast,* 204 N. Y. 272; *Matter of Edelmuth* v. *Prendergast,* 144 App. Div. 895; 202 N. Y. 602.)

*Emil N. Baar, Arthur Block* and *David E. Winer* for Culver Contracting Corporation, respondent. The con-

tracting corporation was such party to the condemnation proceedings as to warrant the institution of the prohibition proceeding in the Appellate Division. (*Liberty Mut. Ins. Co. v. Colon & Co.*, 260 N. Y. 305; *Oceanic Steam Navigation Co. v. Campania Transatlantica Espanola*, 144 N. Y. 663; *Village of Port Jervis v. First Nat. Bank*, 96 N. Y. 550; *Mayor v. Brady*, 151 N. Y. 611; *Chicago v. Robbins*, 67 U. S. 418.) The trial court exceeded its jurisdiction in taking testimony or other proof with respect to physical damage to the parcel and was properly restrained by an order of prohibition. (*Quimbo Appo v. People*, 20 N. Y. 531; *People ex rel. Lemon v. Supreme Court*, 245 N. Y. 24; *People ex rel. Childs v. Extraordinary Trial Term*, 184 App. Div. 829; 228 N. Y. 463; *People ex rel. Livingston v. Wyatt*, 186 N. Y. 383; *People ex rel. 45 East 57th St. Corp. v. Chilvers*, 210 App. Div. 258; *United States v. Jones*, 109 U. S. 513; *Beekman v. Saratoga*, 3 Paige, 72; *Mott v. Palmer*, 1 N. Y. 564; *Canfield v. Ford*, 28 Barb. 336; *Bell Telephone Co. v. Parker*, 187 N. Y. 299; *Schneider v. City of Rochester*, 160 N. Y. 165; *Cincinnati v. Louisville & N. R. Co.*, 223 U. S. 390; *Kahlen v. State*, 223 N. Y. 383; *Matter of City of New York [Ely Ave.]*, 217 N. Y. 45; *Matter of Bronx Park Comm.*, 99 Misc. Rep. 397.) The Appellate Division was right in granting the alternative and final orders of prohibition. (*Matter of Rapid Transit R. R. Commrs. [Joralemon St.]*, 197 N. Y. 81; *Matter of Willcox [Fourth Ave. Subway]*, 213 N. Y. 18; *South Buffalo Ry. Co. v. Kirkover*, 176 N. Y. 301.)

*Paul Windels*, *Corporation Counsel* (*Paxton Blair* and *Alexander S. Aleinikoff* of counsel), for City of New York, respondent. Since the justice was holding a condemnation court, his jurisdiction was limited by the Rapid Transit Act (L. 1891, ch. 4), as amended. The sole function of a condemnation court is to make awards for property taken by a public authority, either temporarily or permanently. (*Matter of Willcox [Fourth Ave. Subway]*,

213 N. Y. 218; *Matter of New York Municipal Railway Corp.* v. *Weber*, 179 App. Div. 245; *Stork* v. *Philadelphia*, 195 Penn. St. 101.) A prohibition order is the appropriate remedy to correct an excess of jurisdiction. No abuse of discretion attended its issuance in the present case. (*People ex rel. Safford* v. *Surrogate's Court*, 229 N. Y. 495; *Matter of Petition of Squire*, 125 N. Y. 131; *Quimbo Appo* v. *People*, 20 N. Y. 531; *Farquarson* v. *Morgan*, [1894] 1 Q. B. 552.) The order appealed from prevented a needless prolongation of the condemnation proceedings. (*People ex rel. Sprague* v. *Fitzgerald*, 15 App. Div. 539; 156 N. Y. 689; *Quimbo Appo* v. *People*, 20 N. Y. 531; *People ex rel. Lemon* v. *Supreme Court*, 245 N. Y. 24.) The " vouching in " of the contractor by notice in the condemnation proceeding was validly effected, and gave petitioner a *locus standi* to seek an order of prohibition. (*Village of Port Jervis* v. *First Nat. Bank*, 96 N. Y. 550; *Oceanic Steam Navigation Co.* v. *Campania Transatlantica Espanola*, 144 N. Y. 663; *Mayor of New York* v. *Brady*, 151 N. Y. 611; *Albany City Sav. Inst.* v. *Burdick*, 87 N. Y. 40; *Conkling* v. *Crosby*, 29 Ariz. 60; *Wadsworth* v. *Queen of Spain*, 17 Q. B. 171; *Worthington* v. *Jeffries*, 10 C. P. 379.) The remedies of the injured party against the contractors protect him adequately. (*Lawrence* v. *Fox*, 20 N. Y. 268; *De Cicco* v. *Schweizer*, 221 N. Y. 431; *Seaver* v. *Ransom*, 224 N. Y. 233; *Moch Co.* v. *Rensselaer Water Co.*, 247 N. Y. 160; *Rigney* v. *N. Y. C. & H. R. R. R. Co.*, 217 N. Y. 31; *Hale* v. *Ripton*, 234 N. Y. 631; *Schnaier* v. *Bradley Contracting Co.*, 181 App. Div. 538; *Markey* v. *County of Queens*, 154 N. Y. 675; *New York Pneumatic Service Co.* v. *Cox Contracting Co.*, 201 App. Div. 33; 235 N. Y. 567.)

*Herbert S. Greenburg* and *Mortimer De Groot* for Corson Construction Corporation, *amicus curiæ.* A court sitting in a condemnation proceeding pursuant to the Rapid Transit Act lacks jurisdiction to make an award for

physical damage to property not acquired or extinguished in the proceeding. (*Matter of Willcox* [*Fourth Ave. Subway*], 213 N. Y. 218; *Doughty* v. *Hope*, 1 N. Y. 79; *Matter of Poughkeepsie Bridge Co.*, 108 N. Y. 483; *Matter of Squire*, 125 N. Y. 131; *Schneider* v. *City of Rochester*, 160 N. Y. 165; *Matter of City of Buffalo*, 78 N. Y. 362; *Matter of Van Etten* v. *City of New York*, 226 N. Y. 483; *Matter of City of New York*, 56 Misc. Rep. 306; *Matter of Thompson*, 48 Hun, 618; *New York Municipal Ry. Corp.* v. *Weber*, 179 App. Div. 245; *Matter of West 53rd St.* [*Doelger, Inc.*], 255 N. Y. Supp. 840.) The claimants are provided with an adequate remedy at law. (*Matter of Rapid Transit Commrs.*, 197 N. Y. 81; *Maximilian* v. *Mayor*, 62 N. Y. 160; *Evelyn Building Corp.* v. *City of New York*, 257 N. Y. 501; *Litchfield* v. *City of New York*, 244 N. Y. 263; *Matter of Low*, 233 N. Y. 334; *Farrell* v. *Rose*, 253 N. Y. 73; *Lester* v. *Mayor*, 79 Hun, 479; 150 N. Y. 578; *Germenten* v. *Bradley*, 186 App. Div. 868; *Veronica Realty Corp.* v. *Cranford-Locher, Inc.*, 149 Misc. Rep. 428; *Transportation Co.* v. *Chicago*, 99 U. S. 635; *Schnaier* v. *Bradley Contracting Co.*, 181 App. Div. 538; *Smyth* v. *City of New York*, 203 N. Y. 106; *Sinsheimer* v. *Underpinning*, 178 App. Div. 495; 226 N. Y. 646; *Congregation Rodeph Sholem* v. *Bradley Const. Co.*, 165 N. Y. Supp. 507; *Weber & Heilbroner* v. *Holbrook*, 192 App. Div. 93; *Bates* v. *Holbrook*, 89 App. Div. 548; 171 N. Y. 460; *Creed* v. *Hartmann*, 29 N. Y. 591.) The order of prohibition is the only adequate remedy available to the contractor. (*Quimbo Appo* v. *People*, 20 N. Y. 531; *City of Mt. Vernon* v. *Public Service Comm.*, 119 Misc. Rep. 561; *People ex rel. Sprague* v. *Fitzgerald*, 15 App. Div. 539; 156 N. Y. 689; *People ex rel. Lemon* v. *Supreme Court*, 245 N. Y. 24.)

FINCH, J. This is an appeal from a final order of prohibition, an alternative order of prohibition and a resettled final order of prohibition, granted by the Appel-

late Division, second department, directed against a justice of the Supreme Court, a claimant in condemnation proceedings and the city of New York, commanding them to desist and refrain from further proceedings with respect to the submission and taking of testimony or other proof concerning physical damage to property owned by the claimant Schwager.

The condemnation proceeding which is the subject of this controversy was instituted by the Board of Transportation of the city of New York, pursuant to chapter 4 of the Laws of 1891, as amended, known as the Rapid Transit Act. The property to be condemned was described in detail in a memorandum attached to the petition for the order of condemnation. The order contained the following provision which defined the jurisdiction of the condemnation court: " Ordered that the said petition of the Board of Transportation of the City of New York to have the Compensation which ought justly to be made to the owners of or persons interested in the real property rights, terms, privileges, franchises or easements, sought to be acquired in this proceeding, ascertained and determined by the Court without a jury, be and the same hereby is granted."

Subsequently the condemnation proceedings were severed into two separate proceedings, one to deal with the fixing of compensation for parcels taken in fee, the other to deal with the fixing of compensation for permanent and temporary easement parcels. It is only with the latter proceeding that we are concerned.

The owners of these parcels contended that they were entitled to recover, in addition to the fair market value of the permanent and temporary easements, the damages caused by reason of the use to which the property acquired was put. They further contended that for the purpose of proving damage by reason of the use of the damage parcels for the construction of a rapid transit railroad they were entitled to submit evidence of facts and circum-

stances as to damages which resulted from the construction of the railroad up to the date of the trial and which had the result of decreasing the rental and market value of their premises, in portions of which permanent and temporary easements had been acquired by the city. The admission of this evidence was objected to, the city's counsel contending that the claimants were not entitled to recover for damages to their remaining property in the condemnation proceeding, but were limited in that proceeding to a recovery of the value of the temporary and permanent easements. The trial court overruled the objections and denied a motion to dismiss the claims for damages. Proper exceptions were taken. The Culver Contracting Corporation, a contractor whose contract required it to assume liability for damages to abutting property, was " vouched " into the condemnation proceeding and appeared specially to challenge the jurisdiction of the court to hear and admit testimony of damages to the property of the claimant Mortimer Schwager. Its motion to have the testimony stricken from the record was denied and it took exceptions. Thereafter the contracting corporation instituted the present proceeding, through the service of a petition for an order of prohibition.

The primary question involved in this appeal is whether the condemnation court had jurisdiction to make an award for physical damage to property not acquired or extinguished in the proceeding. The answer to this question is to be found in the statute itself. Section 39 of the Rapid Transit Law (added by Laws 1894, ch. 752, § 9, as amd.) provides for the acquisition of property. It provides (Subd. 1) that there may be acquired by condemnation proceedings " any real estate and any rights, terms and interest therein, any and all rights, privileges, franchises and easements." The provisions relating to the jurisdiction of the Supreme Court are found in section 46. It is there made the duty of the Corporation Counsel to publish a notice " containing a

general description of the property to be acquired or affected." (Laws 1915, ch. 604, § 2.) Owners of " any property taken or extinguished " are required to file claims with the County Clerk. The duties of the court are thus defined: " It shall be the duty of the justice trying any such proceeding to view the property to be thereby acquired or extinguished, and if he shall deem a view of the property in the vicinity of the property to be acquired or extinguished necessary or useful, he shall make such view."

Provision is made for the ascertainment of damages for the " taking " of property or the " extinguishing " of easements and other interests; but no provision is made for the ascertainment of physical damages of property which is not taken or subjected to an easement. It is true that in the early part of the section reference is made to property " acquired or affected." The context shows, however, that " affected " does not mean " damaged " but means " subjected to temporary or permanent easements or permanently diminished in value."

That the condemnation statute is the measure of the court's jurisdiction has been long established. (*Matter of Poughkeepsie Bridge Co.*, 108 N. Y. 483; *Matter of Squire*, 125 N. Y. 131; *Matter of Willcox [Fourth Ave. Subway]*, 213 N. Y. 218.)

In *Matter of Willcox (supra)* the abutting owner sought an award for the loss of lateral support. It was held that the city had the right to determine what property it wished to condemn and that the condemnation court was limited to making awards for the property taken. It was said: " The proceeding is instituted to acquire or extinguish the property (as defined by the statute) described and specified in the petition and maps or plans and memoranda filed referred to by it and not any other. *Such property, and not any other, is acquired or extinguished by it. * * * It is that property and that alone which the city may seize* in fee, enter upon *and become liable in*

*the proceeding to the respective owners for the true and respective values of,* and the commissioners of appraisal are to ' ascertain and determine the compensation which ought justly to be made by the said city to the owners or persons interested in the property acquired or extinguished by said proceeding.' Their report or reports can relate only to the property indicated on the map or plan and memoranda and described in the petition." (Italics interpolated.)

In the case at bar, as in the *Willcox* case, maps, plans and memoranda were prepared and annexed to the petition for condemnation. The property which suffered the physical damage, however, as distinguished from property rights acquired, is not mapped or described, nor is there any provision for the condemnation of easements of lateral support. On the contrary, the petitioner expressly excepts such easements. The city has the right to determine what property it wishes to condemn. It has decided to condemn the fee of the street and certain temporary and permanent easements. It has failed to condemn the property herein involved or the easement of lateral support appurtenant to it. The remedy sought in a condemnation proceeding is purely statutory. The only question presented is whether the injury which the claimant suffered is within the statute. (*Matter of Squire, supra.*) The difference in mode of procedure for property taken in condemnation and for damages inflicted over and above the value of the property taken involves a difference in substance. Between taking or extinguishing property upon paying its value in condemnation, the title of the property going to the State, and simply damaging property, the title remaining in the owner, lies a distinction well marked in the jurisprudence of this State. Not only must the damages in the former be determined by commissioners or a judge and in the latter by a jury, but the measure to be applied is different. In the former full value must be given, while in the latter much of the

damage suffered during the execution of a public improvement if not caused by want of care in its execution may go unredressed as a normal incident of city life. (*Farrell v. Rose*, 253 N. Y. 73.) In consequence, the condemnation court lacks jurisdiction to make an award for damages to such uncondemned property.

It is true that the *Willcox* case involved one having rights only as an abutter, whereas the city has acquired from the claimant herein permanent and temporary easements in the real estate which is part of the parcel on which the damaged building is located. The principles announced in that case, however, are broad and fundamental and are not limited in their application to abutting owners.

The claimant relies on the rule that where a portion of a person's property is condemned he is entitled to recover for so-called consequential damages to the remainder of his property by reason of the use of the portion acquired. The rule thus broadly stated is a fair one and only recently has been reiterated. (*Matter of City of New York* [*West 10th St.*], 267 N. Y. 212.) But the claimant misconstrues the rule and the meaning of the term " consequential damages " as used in condemnation proceedings. Not all damages which flow from the use to which the condemned property is put can be recovered in condemnation proceedings. It is only for the taking by way of fee or easement that payment must be made in condemnation. If the property taken is to be used in such manner as permanently to interfere with or diminish the value of the remaining property, as in *South Buffalo Ry. Co. v. Kirkover* (176 N. Y. 301), where a steam railroad was to run over the strip taken, or as in the elevated railroad cases in New York city (*Story v. New York El. R. R. Co.*, 90 N. Y. 122; *Kane v. New York El. R. R. Co.*, 125 N. Y. 164; *Bohm v. Metropolitan El. Ry. Co.*, 129 N. Y. 576; *American Bank Note Co. v. New York El. R. R. Co* ، 129

N. Y. 252), where the easements of light, air and access appurtenant to the abutting houses and property were cut off, amounting to a deprivation of property within the meaning of the Constitution, then the use to which the property taken is to be put must be considered in ascertaining the damages in the condemnation proceeding. Thus, the court in the *Kirkover* case said: " It was held in the *Story Case* (90 N. Y. 122) that these easements became at once appurtenant to the land, forming an integral part of the estate and constituted property within the meaning of the State Constitution (Art. 1, § 6), which prohibits the taking of private property without just compensation. It therefore followed that in the trial of the elevated railroad cases any evidence was competent tending to show injury to these easements of light, air and access, as they were property. A similar rule of evidence is applicable to the case before us " (p. 307). In the case at bar, however, the loss of lateral support is not a natural and probable consequence of the use, as limited by the petition, to which the property is to be put, that is, as a rapid transit railroad; nor is it necessarily a result of the construction of a subway. This is borne out by the following provision in the contract between the city and the contractor: " The Contractor expressly admits and covenants that the drawings and specifications and other provisions of this contract, if the work be done without fault or negligence on the part of the Contractor, do not involve any danger to the foundations, walls or other parts of adjacent, abutting or overhead buildings, railroads, structures or surfaces." The city realized that injuries might result to adjoining property as a result of a failure properly to shore up the sides of the subway during the construction period or for innumerable other reasons, and, therefore, provided that the contractor should be liable for such injuries. But these injuries do not involve the taking of property.

The cases of *South Buffalo Ry. Co.* v. *Kirkover* (*supra*) and *Matter of Board of Rapid Transit Railroad Commissioners* [*Joralemon St.*] (197 N. Y. 81) are readily distinguishable. In the *Kirkover* case it was decided that where land was condemned for railroad purposes the owner of the land was entitled to recover the market value of the premises actually taken and also any damages resulting to the residue by reason of the permanent use to which the part taken, a strip running through the land, was put. As stated in *Rasch* v. *Nassau Electric R. R. Co.* (198 N. Y. 385, 389): "The rule in the *Kirkover* case is not to be misconstrued. Of course, it does not include injuries from the improper operation of the railroad. Those can be restrained at the suit of the party aggrieved, or damages may be recovered for them. But the rule does include all damages which the proper operation of the railroad entails." In the *Joralemon Street* case, it is true, the factual situation was much like that found in the case at bar, but the legal problem was different. The question of jurisdiction was not raised. The problem before the court was not whether physical damages could be recovered in condemnation proceedings where such damages did not flow directly from a taking of property, but whether such damages could be recovered at all. In a concurring opinion, Chief Judge CULLEN used the following language in reference to the physical damages: "I do not know that there is any objection to their being determined in a condemnation proceeding *where both parties consent* and the damage has actually occurred, *but that seems hardly the most appropriate proceeding*" (p. 112). (Italics interpolated.) This court, in *Matter of Willcox* (213 N. Y. 218), said of *Matter of Board of Rapid Transit R. R. Comrs.* (*Joralemon St.*) (197 N. Y. 81): "The decision in *Matter of Rapid Transit R. R. Comrs.* (197 N. Y. 81) is not in conflict with our present conclusion because the question here was not there presented by the record, arguments or brief of counsel" (pp. 225, 226).

The case of *Evelyn Building Corp.* v. *City of New York* (257 N. Y. 501) is in accord with these views, since it involved an action for an injunction to restrain a continuing trespass upon the plaintiff's real property, to compel its restoration to its former condition and for damages and not a claim in a condemnation proceeding.

The appellant asserts that even if the court erred in admitting evidence of physical damages, nevertheless the Appellate Division lacked the power to grant an order of prohibition. The error, it is claimed, is merely one involving the method of fixing damages, curable by appeal, and, therefore, the order does not lie. The order of prohibition is provided for by the Civil Practice Act (§§ 1341–1355). These sections represent the codification of the common law writ of prohibition. The change is only of form and the order continues to be governed by the common law as to its nature, function and the facts governing its issuance. The remedy is an extraordinary one which lies within the discretion of the court. Although ordinarily employed to restrain a subordinate tribunal from entertaining a cause or proceeding over which it has no jurisdiction (*People ex rel. Safford* v. *Surrogate's Court*, 229 N. Y. 495; *People ex rel. Lemon* v. *Supreme Court*, 245 N. Y. 24), it may be exercised also to enjoin a lower court from exceeding its authorized powers in a proceeding over which it has jurisdiction. (*Quimbo Appo* v. *People*, 20 N. Y. 531; *People ex rel. Jerome* v. *Court of General Sessions*, 185 N. Y. 504.) (See *People ex rel. Livingston* v. *Wyatt*, 186 N. Y. 383, at p. 393.) The writ does not issue where the grievance can be redressed by ordinary proceedings at law or in equity or merely to prevent error which may be readily corrected on appeal. (*People ex rel. Mayor* v. *Nichols*, 79 N. Y. 582; *People ex rel. Hummel* v. *Trial Term*, 184 N. Y. 30; *People ex rel. Livingston* v. *Wyatt, supra; People ex rel. Childs* v. *Extraordinary Trial Term*, 228 N. Y. 463.) It is not available ordinarily as a method of premature appeal. Never-

theless, where the lower court is exceeding its jurisdiction and the writ or order furnishes a more effective remedy, it may be availed of although the error might be corrected by appeal. The case at bar comes well within this rule.

In the case of *People ex rel. Safford* v. *Surrogate's Court* (*supra*, p. 497) the court, determining that prohibition was the proper remedy, said: " The jurisdiction of the Surrogate is the creation of statute. If not conferred upon him it does not exist." Similarly, the jurisdiction of a condemnation court is purely statutory, the Supreme Court having no inherent jurisdiction over such proceedings. (*Matter of Squire, supra; Matter of Poughkeepsie Bridge Co., supra; Matter of Willcox, supra.*)

As has been previously pointed out, the Rapid Transit Act, under which this condemnation proceeding was instituted, does not provide for the recompense of adjoining owners who suffer injury to their property, over and above the value of property taken or extinguished, as the result of the construction of a subway. Such recovery must be sought in an independent action against the city or the party responsible, and either party may have a trial by jury. In a condemnation proceeding the court lacks the jurisdiction to consider such damages (*Matter of Willcox, supra*) unless the parties acquiesce. (*Matter of Board of Rapid Transit R. R. Comrs.* [*Joralemon St.*], *supra.*) When the court, over objection, admits evidence which is directed only to prove such damages, it is clearly exceeding its jurisdiction. True, objections have been made and exceptions taken by the aggrieved parties and the question is subject to review on appeal. The court, however, was overstepping its bounds. A mass of testimony was being taken, unnecessary expense incurred, and the trial needlessly prolonged. Under the circumstances application for an order of prohibition was proper and the Appellate Division in its discretion possessed the right to grant the order. Such exercise of discretion is not reviewable by this court. (Cf. *People ex rel. Cuvillier* v. *Hagarty*, 238 N. Y. 621.)

The Culver Contracting Corporation was a proper party to invoke the remedy of prohibition, although it was not a proper and necessary party to the condemnation proceedings. Familiar is the common law rule that where an indemnitor is " vouched in " to an action or proceeding, a judgment against the party indemnified in such action or proceeding is binding upon the indemnitor. (*Village of Port Jervis* v. *First Nat. Bank*, 96 N. Y. 550; *Oceanic Steam Nav. Co.* v. *Campania Transatlantica Espanola*, 144 N. Y. 663.) (See *Murphy* v. *City of Yonkers*, 213 N. Y. 124; *Chicago* v. *Robbins*, 67 U. S. 418; Cohen, Impleader: Enforcement of Defendants' Rights Against Third Parties [1933], 33 Columbia Law Review, 1147.) " No particular form of words is necessary in order to constitute notice in such cases, nor is it even necessary to give written notice. It is sufficient that the party against whom ultimate liability is claimed is fully and fairly informed of the claim and that the action is pending with full opportunity to defend or to participate in the defense. If he then neglects or refuses to make any defense he may have, the judgment will bind him in the same way and to the same extent as if he had been made a party to the record." (*Oceanic Steam Nav. Co.* v. *Campania Transatlantica Espanola, supra*, at p. 665.)

An indemnitor who has notice and an opportunity to defend and fails to do so is bound by the result of the action, although the notice is not in writing. The Culver City Contracting Corporation had agreed to indemnify the city for any damage to abutting buildings. It was given notice that a claim was being made for such damages. Therefore, if the claimant were successful the judgment, decree or award for such damages rendered in its favor would be binding on the Culver Company. It matters not that the Culver Company was not a party to the condemnation proceedings and, therefore, the judge could not have signed a decree directed against the contractor. A judgment, decree or award against the city, specifying .

an award for physical damages to abutting property, would be binding on the "vouched in" contractor. Since the Culver Contracting Corporation, the contractor, was such party as would have been bound by a judgment, it was also such party as might properly bring this proceeding in prohibition.

The question of whether the city is liable for the damages herein discussed is not now considered. That question may be raised in an independent action against the city, but it is in no way involved in this decision, which is limited to the determination that such damages cannot be proven, over the city's objection, in condemnation proceedings under the Rapid Transit Act.

The orders should be affirmed, with costs. (See 268 N. Y. 719.)

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, CROUCH and LOUGHRAN, JJ., concur.

Orders affirmed.