Charles J. Beckinella, J.
This is an application, made pursuant to article 78 of the Civil Practice Act, for an order in the nature of an order of prohibition. Petitioner seeks to restrain the City Court of the City of New York and a Justice of that court from continuing to assume jurisdiction in an *116 action to recover damages for personal injuries. In that action petitioner, a defendant, moved to dismiss the complaint and the cross complaint of a codefendant. That motion was denied. Appeals to the Appellate Term and Appellate Division were followed by affirmances. Another motion made in the Appellate Division to vacate its order of affirmance was denied. Petitioner now urges that the order of the City Court was void (a) “ for want of jurisdiction by reason of the failure of the complaint to show any actionable interest in either plaintiff as against the petitioner, which is a failure to state facts sufficient to constitute a cause of action,” and (b) because the “Plaintiffs have in one cause pleaded two inconsistent causes.” The petitioner then alleges that the orders of affirmance of the Appellate Term and the Appellate Division are void because of the nullity of the City Court order. Petitioner further alleges that the ground for the motion made in the Appellate Division to vacate that tribunal’s order of affirmance was “lack of jurisdiction by reason of the failure of the complaint and cross-complaint to comply with sections 212(2), 258 and 264 of the Civil Practice Act respectively.” In Matter of Culver Contr. Corp. v. Humphrey (268 N. Y. 26, 39) it is stated: “ The writ [of prohibition] does not issue where the grievance can be redressed by ordinary proceedings at law or in equity or merely to prevent error which may be readily corrected on appeal [citing authority]. It is not available ordinarily as a method of premature appeal.” The various contentions which petitioner advances as challenges to the City Court’s jurisdiction are, in fact, merely questions of law frequently incidental to the trial of any lawsuit similar to the instant action. The proper tribunal for their adjudication, to the extent that they have not already been determined by the appellate courts, is the City Court. Any error committed there ‘ ‘ may be readily corrected on appeal.” Accordingly, petitioner’s application is denied and the petition is dismissed.
Settle order on notice.