Thomas P. Farley, J.
This is an application to condemn 10 acres of land for a school site. Objections have been raised to the granting of the relief requested by the owner of the subject property, on the grounds that the petitioners have failed to file a map,' as required by statute, and that the local notice published incorrectly identified the school district.
*474 The main question of importance presented is whether the failure by the petitioners to file a map on the institution of the proceedings renders the proceedings fatally defective. It is conceded that a map was prepared by the petitioners, and although mailed to the County Clerk’s office, Suffolk County, was not filed.
Section 4 of the Suffolk County Improvement Act of 1927, as amended by chapter 566 of the Laws of 1933, provides in part as follows: ‘ ‘ Preparation and filing of map. Before a proceeding is commenced for the acquisition of real property pursuant to this act, the board of supervisors shall cause to be prepared a map of the proposed improvement distinctly indicating the several parcels to be acquired, the names of the owners if known, and the dimensions and bounds of each such parcels. * * * Such map shall be filed in the office of the county clerk.
Thereupon the board of supervisors shall cause to be published three times in the official newspapers published in the county a notice of the filing of such map, and that at a time and place specified in the notice, which time shall be not less than twenty days from the day of the first publication of such notice, the board will hold a hearing in respect to such map, at which it will afford a reasonable opportunity to all interested persons to make objections thereto or suggest changes therein.”
That the condemnation statute is the measure of the court’s jurisdiction has been long established. (Matter of City of New York [Jefferson Houses — Lombardi], 306 N. Y. 278; Matter of Culver Contr. Corp. v. Humphrey, 268 N. Y. 26; Matter of Poughkeepsie Bridge Co., 108 N. Y. 483; Matter of Squire, 125 N. Y. 131; Matter of Willcox [Fourth Ave. Subway], 213 N. Y. 218.) It is also a salutary rule, often repeated by the courts, that statutes authorizing the taking of property by eminent domain, must be strictly followed. (Matter of County of Erie v. Lancaster Development Co., 232 App. Div. 331; Bell Tel. Co. of Buffalo v. Parker, 187 N. Y. 299; Schneider v. City of Rochester, 160 N. Y. 165.)
The statute quoted above, under which this proceeding was instituted, specifically provides for the filing of the map in the County Clerk’s office upon the institution of condemnation proceedings. Thus, a condition precedent is imposed which, in the light of the rule established in the above-cited cases, must be strictly followed. This court is constrained to hold, therefore, that such filing is a jurisdictional requirement and that petitioners’ failure to do so renders the proceedings fatally defective. (Old Homestead Water Co. v. Treys, 202 App. Div. 98, affd. 234 N. Y. 612; Matter of County of Erie v. Lancaster *475 Development Co., supra; Matter of Niagara, Lockport & Ontario Power Co., 125 Misc. 269.)
In view of the above, it is unnecessary to pass upon the objections concerning the improper identification of the school district in the published notice. The petition is, accordingly, dismissed.