Henry Epstein, J.
This is a petition in the nature of a writ of prohibition seeking to restrain the sentencing of petitioner in that part of the Magistrates’ Court of the City of New York commonly referred to as “Gamblers Court”. Petitioner on May 16, 1961 was convicted of violations of the anti-gambling laws of this State and was scheduled for sentencing on June 12. A stay of such sentencing until the disposition of this petition was granted by order to show cause.
It is asserted by petitioner that he is about to become the victim of a “ crack down ” policy adopted by respondents, who consist of the Mayor, Police Commissioner, and Chief Magistrate of the City of New York, whereby mandatory jail sentences are imposed on gambling offenders without regard to ameliorating circumstances. It is also alleged that City Magistrates refusing to implement this policy are not assigned to Gamblers Court and are subjected to other pressures. Accordingly, petitioner asserts that he was and is about to be denied due process of law, in that he was tried before a biased court, and will be sentenced on a predetermined formula. He, therefore, seeks to restrain further proceedings against him.
The extraordinary remedy of prohibition has the limited purpose of preventing inferior judicial and quasi-judicial bodies from exceeding their jurisdiction in the exercise of their powers (Thomson v. Tracy, 60 N. Y. 31). This being its sole purpose, the only question which may be considered on this application is whether the inferior court in question has jurisdiction to do the thing petitioner is complaining of (see Matter of Culver Contr. Corp. v. Humphrey, 268 N. Y. 26, 39).
That the court here involved has been vested with exclusive jurisdiction to hear and determine any complaint in the City of New York alleging a violation of article 88 of the Penal Law entitled “ Gambling ”, cannot be disputed (L. 1960, ch. 466; see N. Y. Legis. Ann., 1960, p. 18). It, therefore, may not be said that the proposed sentencing in the matter at bar, based as it is on a conviction of guilt, is an act beyond the jurisdictional power of the Magistrates’ Court.
Mere assertions that the inferior court may commit errors in exercising its functions is no basis for the extraordinary preventive relief sought by petitioner (People ex rel. Childs v. Extraordinary Trial Term, 228 N. Y. 463). Errors which may henceforth appear in a proceeding are readily cured on an appeal, and are not proper subjects for prohibition (Matter of Culver Contr. Corp. v. Humphrey, supra).
*736 Aside from expressing unsupported suspicions, the petition herein alleges no facts which conclusively establish that the Magistrates’ Court is about to act beyond its stated powers. Accordingly, the cross motion herein is granted, and the petition is dismissed.