■ In the Matter of ADAM C. POWELL, JR., Petitioner, v. SUPREME COURT OF THE STATE OF NEW YORK et al., Respondents.— Petition, dated September 17, 1966, in a proceeding under article 78 of CPLR in the nature of prohibition, initiated by order to show cause, dated September 19, 1966, to enjoin the Supreme Court from proceeding in criminal contempt against petitioner under the Judiciary Law (§ 750 *et seq.*) and for related relief, unanimously dismissed, on the law and in the exercise of discretion, with $50 costs and disbursements to the respondent Supreme Court. The principal issue raised and the only one meriting comment is that respondent court is erroneously engaged in treating as a criminal contempt a contention that petitioner willfully disobeyed an attorney-issued subpœna in supplementary proceedings to enforce collection of a money judgment (cf. Judiciary Law, § 750, subds. 3, 5, with § 753, subd. 5; see CPLR 2308, 5251). Petitioner contends that such erroneous engagement constitutes an exercise of power in excess of jurisdiction remediable in prohibition and for which there is no adequate remedy by appeal or review. Prohibition is an extraordinary discretionary remedy available only where, in cases of this class, the respondent court is acting outside its jurisdiction

and not for error in the exercise of its conceded powers (*People ex rel. Livingston* v. *Wyatt*, 186 N. Y. 383, 393; *Matter of Culver Contr. Corp.* v. *Humphrey*, 268 N. Y. 26, 39). Petitioner does not contend that respondent court is without jurisdiction in criminal contempt proceedings but only that it is acting on an erroneous base, namely, that a criminal contempt may lie for a willful disobedience of mandates not issued directly out of the court. Moreover, there is nothing in the submission to suggest, except for a generalization to that effect, that petitioner is not completely protected by appeal or other modes of direct review, if there should be an adverse determination to him resting on error. Finally, if a basis for exercise of this court's discretion had been otherwise established, petitioner has failed utterly to present facts sufficient to move this court's discretion or to provide a minimal, let alone a proper or persuasive, record upon which it could be exercised. Concur — Breitel, J. P., McNally, Stevens and Capozzoli, JJ.