In the Matter of the CITY OF NEW YORK, Acting for and on Behalf of the New York City Housing Authority, Appellant, Relative to Acquiring Title to Real Property within the Area Bounded by East 112th Street and Other Streets, in the Borough of Manhattan, Selected as a Site for JEFFERSON HOUSES. HENRY LOMBARDI, Respondent.

Argued November 23, 1953; decided February 25, 1954.

*Denis M. Hurley, Corporation Counsel (Benjamin Offner, Harry E. O'Donnell* and *Reuben Levy* of counsel), for appellant. I. The court at Special Term erred in refusing to take testimony with respect to the rights of the parties under the contract of sale. (*Matter of City of New York [Schurz Ave.]*, 278 App. Div. 309; *Matter of Smith [Northern Blvd.]*, 244 App. Div. 733, 268 N. Y. 726; *Matter of City of New York [Harlem Riv. Drive]*, 303 N. Y. 828; *Matter of City of New York [Neptune Ave.]*, 271 N. Y. 331; *Matter of City of New York [Houghton Ave.]*, 266 N. Y. 26; *Matter of City of New York [Cropsey Ave.]*, 268 N. Y. 183; *Matter of City of New York [West 205th St.]*, 245 N. Y. 497; *Matter of City of New York [165th St.]*, 258 N. Y. 42.) II. The New York City Housing Authority, as vendee, was the equitable owner of the property by virtue of the contract of sale. (*Clarke* v. *Long Is. Realty Co.*, 126 App. Div. 282; *Matter of City of New York [Edgewater Road]*, 138 App. Div. 203, 199 N. Y. 560.)

*Merle I. St. John, Edwin C. Hamburg* and *Morris T. Hamburg* for respondent. I. The condemnation court was correct in refusing to take jurisdiction to determine the validity of the alleged contract, because its jurisdiction is limited. (*Matter of City of New York [East Riv. Drive]*, 159 Misc. 741, 259 App.

Div. 1007, 284 N. Y. 818; *Waldo* v. *Schmidt*, 200 N. Y. 199; *Matter of Culver Contr. Corp.* v. *Humphrey*, 268 N. Y. 26; *Matter of Poughkeepsie Bridge Co.*, 108 N. Y. 483; *Matter of Willcox* [*Fourth Ave. Subway*], 213 N. Y. 218.) II. The claim of the New York City Housing Authority to be the equitable owner of the award for Damage Parcel No. 67, by virtue of the alleged contract, falls because no valid contract has been proven, and the validity of the alleged contract has been disputed. (*Williams* v. *Haddock*, 145 N. Y. 144.) III. Respondent would have been deprived of a jury trial had the condemnation court taken jurisdiction of the issue of the validity of the alleged contract.

CONWAY, J. In March, 1951, the board of estimate of the City of New York (hereinafter referred to as City) adopted a resolution authorizing proceedings to acquire land necessary for a contemplated Federally aided low-rent public housing development. The resolution provided for the acquisition of title by the City in behalf of the New York City Housing Authority (hereinafter referred to as Authority) and for the determination of the compensation to be paid therefor by the Supreme Court without a jury.

It is undisputed that early in 1951 an agent of the Authority negotiated with the respondent owner for the purchase of the land here in question and that an agreement was signed by respondent in February and approved and signed by the Authority in March, 1951. Subsequently in April, 1951, title to the parcel vested in the City (Administrative Code of City of New York, § B15–36.0).

The closing date was May 3, 1951, and the agreement of purchase contained a provision that the acquisition of the premises by eminent domain by the Authority or the City on behalf of the Authority prior thereto would not affect the validity of the agreement but that, in such event, on the closing the seller would be obligated to execute and deliver to the Authority an assignment of any award therefor, in addition to any other instruments required to be executed by the seller under the agreement.

On the condemnation trial the City sought to prove the contract of sale and it was received in evidence. The City

claimed that it was the equitable owner of the parcel and so entitled to the award subject to the performance of the contract of purchase. The owner on the other hand stated that he had no objection to the determination by the court " as to who the owner of this parcel is " but that the contract of sale never had valid existence because it was subject to a never fulfilled condition precedent and in addition was tainted with fraud.

The learned Trial Justice was of the opinion that the only questions upon which he might properly pass were as to the legal ownership of the property, and to whom an award might be made as such legal owner. He declined to pass upon the validity of the contract of sale or the claim of the City to be the equitable owner of the parcel on the theory that those matters were not before him in the condemnation proceeding. We think that this was too narrow a construction of the provisions of the Administrative Code and the order of condemnation.

Section 1445 of the Greater New York Charter (added by L. 1915, ch. 596) as incorporated by chapter 929 of the Laws of 1937 in the Administrative Code of the City of New York (§ B15–12.0, subd. b) as it existed at the time of the trial, reads as follows: " Where the title of the claimant is disputed it shall be the duty of the court to determine the *ownership* of such *real property* upon the proof submitted to the court *during the trial* of the proceeding. The court shall also have power to determine *all questions of title* incident to the trial of the proceeding." (Emphasis supplied.)

The question, therefore, is whether the vendee under an executory contract to purchase land is an " owner " having some form of recognizable interest in the " real property " involved in the proceeding. Both the old Greater New York Charter (§ 1431) and the present Administrative Code (§ B15–1.0) contain definitions of the key words used in the foregoing quoted section. Thus the term " owner " is defined as " [a] person having an *estate, interest* or *easement* in the real property being acquired or a *lien, charge* or *encumbrance* thereon." (Administrative Code, § B15–1.0, subd. 5; emphasis supplied.) There is also the following definition (Administrative Code, § B15–1.0, subd. 6): " ' Real property ': Includes all lands and improvements  *  *  * all easements and hereditaments, corporeal or incorporeal, and *every estate, interest and right, legal*

*or equitable,* in lands or water, and right, interest, privilege, easement and franchise relating to the same, including terms for years and liens by way of judgment, mortgage or otherwise.'' (Emphasis supplied.)

By its contract — if it was valid — the Authority here acquired the equitable title to the real property prior to the time title vested. It obtained an interest in the land of such a nature that the only estate remaining in the vendor was a lien for the purchase money, to secure the payment of which he retained the bare legal title. Although, if the contract be established, the Authority doubtless has a claim under it to the assignment of any award that may be made, its position does not rest upon such claim, but rather upon the *equitable title* which passed to it as vendee of the land. It is an interest in real property which is in issue, and not a personal right or claim to an award, after it is made, against the contract vendor.

With the passage of years, the statutes have been renumbered, revised and amended but it has not been made to appear that the interests cognizable by the Supreme Court sitting in condemnation proceedings have been limited thereby. Rather it would appear that, by the very language used in defining the interests which make one an '' owner '' of '' real property '', the Legislature intended to include as many of those different interests in real property affected by the condemnation proceedings as possible. If such be not the case, then it was a useless effort to use the language previously quoted from the statute: '' every estate, interest and right, legal or equitable.'' To take that view would tend to restrict the interests in real property which a condemnation court could pass upon, thereby leaving the parties to seek their remedies in other tribunals. That would result in delay of justice, multiplicity of actions, congestion of already crowded calendars, and insecurity for the parties. Far better is it — and, as we view the laws, consistent with the intent of the Legislature as expressed in the words of the statutes — to permit *one* court, having the parties *then* present before it and ready — as in the present case — to submit their controversy to that court, to settle all questions of '' ownership '' or '' real property '' as defined in the Administrative Code and finally determine to whom the award or awards should be made.

Cases such as *Matter of City of New York* (*East Riv. Drive*) (159 Misc. 741, 757, affd. 259 App. Div. 1007, motion for leave to appeal denied 284 N. Y. 818), where the question presented was one of damages arising out of a contract at the date of the termination of a lease and which existed irrespective of condemnation, and cases such as *Matter of Culver Contr. Corp.* v. *Humphrey* (268 N. Y. 26, 33–34), *Matter of Poughkeepsie Bridge Co.* (108 N. Y. 483), and *Matter of Willcox* (*Fourth Ave. Subway*) (213 N. Y. 218), where the condemnation proceedings were under statutes other than the Administrative Code of the City of New York and which statutes did not contain the definitions in the Administrative Code are, of course, inapplicable. The condemnation statute is the measure of the court's jurisdiction. (*Matter of Culver Contr. Corp.* v. *Humphrey, supra.*) The order of condemnation here provided for the ascertainment of just compensation for "the respective *owners* of the *real property* to be acquired". The statute (Administrative Code, § B15–12.0, subd. b) and the order thus reposed in the condemnation court the power and duty of determining the rights of the respondent property owner vis-à-vis the Authority and City.

Finally it is urged that, if the condemnation court attempted to determine those rights in this proceeding by determining the issues of fraud and conditional delivery, the respondent would be deprived of his right to a jury trial. (See Civ. Prac. Act, § 425.) It was emphasized upon the argument and in the briefs that the respondent offered in open court to litigate the validity of the contract and the claim thereunder. That was a waiver of his right to a jury trial. (*Baird* v. *Mayor of City of N. Y.*, 74 N. Y. 382, 386; *Matter of New York, L. & W. R. R. Co.*, 98 N. Y. 447, 453; 4 Carmody on New York Practice, p. 2665.)

The order of the Appellate Division and the decree of Special Term, insofar as they relate to the parcel of land in question (Damage Parcel 67), should be reversed, and the proceeding remitted to Special Term for further proceedings not inconsistent with the opinion herein, with costs to abide the event.

LEWIS, Ch. J., DESMOND, DYE, FULD, FROESSEL and VAN VOORHIS, JJ., concur.

**Order reversed, etc.**