William C. Heoht, Jr., J.
Movant, Burke Oldsmobile, Inc., obtained an award of $90,577 on its fixture claim in the Lincoln Square Slum Clearance Project (24 Misc 2d 190). Prior to *636 partial payment of the award, Rotor Corporation, the lessee from the fee owner, who was movant’s landlord, filed a copy of the lease entered into between Rotor, as landlord, and movant, as tenant, or sublessee, asserting that this lease e'onstituted a “ notice of assignment of award ” and claiming that the lease “assigned an interest in the said award for trade fixtures” to Rotor.
It should be noted that, according to movant, prior to the trial a notice of movant’s claim, together with an inventory of the trade fixtures for which payment was demanded, was served on the attorney for Kilpatrick, the fee claimant, but, according to Rotor, it was not served with a copy of movant’s claim or inventory. At no time prior to the trial, at the trial, or upon hearing of objections was there any adverse claim asserted by Rotor, which contends that as an assignee of the trade fixture award it was not obliged to do so.
The “ Memorandum Supplemental to Lease ” provides, inter alla, that the tenant intends to install ‘ ‘ lifts and other equipment for use in its business of servicing cars and for other purposes for which it intends to use the leased premises. It is the understanding of the parties * * * that such lifts and equipment, * * * for the purpose of the conduct of the business of the tenants, (movant) shall be considered as trade equipment, and shall not become the property of the landlord ”.
As movant correctly points out, the court made no allowance to the fixture claimant for certain improvements which, in the opinion of the court, were structural in nature. The court confined the award to those items which it considered compensable because of the court’s finding that these items had been installed by the tenant for the purpose of the conduct of its business.
The court was satisfied that the items for which movant was compensated were trade fixtures used in the conduct of its business and not structural improvements which became so attached to the freehold as to become the property of the fee owner.
Now there appear to be two obstacles in the path of movant in its claim for payment of the fixture award. First, Rotor, which did not appear in the condemnation proceeding and filed an adverse claim with the Comptroller when part payment was about to be made as aforesaid, now contends that it is entitled to all or part of the award made to movant.
The second is a claim by the City of New York based on the following:
Upon being served with movant’s instant application, the City of New York informed the court that on December 28, 1960 the Department of Finance filed a warrant against movant covering *637 sales taxes for the period from March 1, 1960 to November 30, 1960 in the sum of $48,122.09, and covering business tax for the year 1959 in the sum of $10,601.78, for a grand total of $58,723.87. This tax warrant, according to the city, is based on tax returns filed by movant which were not accompanied by payment, and which remained unpaid.
The city further alleges that a notice of levy, pursuant to the provisions of section 687-a of the Civil Practice Act, stating that the amount due to the City of New York from movant was the sum of $58,723.87 plus interest, was duly served on the Comptroller of the City of New York on January 4, 1961 and that the said tax warrant is a valid statutory lien against real or personal property belonging to movant which has not been otherwise appropriated pursuant to any court order or other valid legal proceeding. The city claims that it has'the right to set off the sum due to it under the tax warrant against the fixture award made to the movant.
The city joins with the movant in the latter’s contention that Rotor, to whom the city mistakenly refers as the fee owner, neither by the terms of the lease herein referred to nor by virtue of any other right or understanding, is entitled to defeat the right of movant to the award in question. However, according to the city, movant’s application for payment to it of the award should be denied because the city, as previously noted herein, is entitled to the full amount of the award made in favor of movant for its trade fixtures, which award is now deposited with the Comptroller.
Since Rotor is not the fee owner and did not appear in the proceeding, regardless of whether or not it had notice thereof, and despite the fact that the court made the disposition of movant’s fixture claim as hereinbefore set forth, Rotor’s claim must be considered in the light of its contractual rights pursuant to its lease with movant.
In this connection, no lengthy discussion is deemed necessary on the extent of the court’s jurisdiction in a condemnation proceeding. This court is limited by the provisions of the condemnation statute and the order of condemnation (Matter of City of New York [Jefferson Houses-Lombard], 306 N. Y. 278).
The controversy between movant and Rotor involves a determination of the contractual rights of movant and Rotor and this court has no jurisdiction to make that determination (Matter of City of New York [East Riv. Drivel, 159 Misc. 741, affd. 259 App. Div. 1007, motion for leave to appeal denied 284 N. Y. 818 ; see, also, Matter of Culver Contr. Corp. v. Humphrey, 268 N. Y. 26).
*638 Consequently the parties are relegated to a plenary suit so that their respective rights may be fully explored and the issues resolved.
The motion is therefore denied, without prejudice to a renewal of that part of movant’s application which seeks a direction to the Comptroller to pay the award now on deposit with said Comptroller, after the determination of the controversy concerning contractual rights between movant and Rotor as aforesaid, and of the claim of the City of New York as a setoff against any part of said award to which movant may eventually be entitled. Settle order on notice to all parties.