■ ROBERT R. LEWISTON et al., Respondents-Appellants, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 35859.) — Appeals held and matter remitted to the Court of Claims for further proceedings in accordance with the memorandum. Memorandum: The State appeals from a judgment of award of the Court of Claims and an order refusing to vacate it on the ground that the State is vulnerable to double payment for subtenents' interest in the leasehold and trade fixtures. The claimants, owners of the fee, cross-appeal on the ground that the award is inadequate. We find no merit to the cross appeal. This appropriation involves a four-story brick building in Buffalo, known as the Corine Hotel, which the fee-owner claimants leased to a hotel corporation which in turn sublet a portion of the premises to two individuals

who operated a tavern therein. Notice of appropriation was served on all of the interested parties, including the subtenants. Notwithstanding the fact that the subtenants filed their claim for damages for the leasehold and for the value of their trade fixtures, the subtenants were not made a party to this action and apparently an award was made to the fee-owners by the Trial Judge for whatever interests all of the parties had, including the value of the fixtures of the subtenants. The decision of the Court of Claims was made August 12, 1959. The claimants did not move for entry of judgment until 2 years after the trial and 15 months after notification by the Attorney-General of the subtenants' claim. The State then moved to vacate the judgment and for a rehearing to reopen the decision and to determine the rights of the subtenants. This motion was summarily denied. It is quite evident that both the State and the fee-owner claimants were guilty of laches in doing nothing for such a long period after the award was made herein. The rights of all the parties should have been considered and adjudicated upon the trial had and it was definitely in the interests of all the claimants and the State to have insisted that all of the parties filing claims be heard at the same time. It would be most unfortunate if the award herein was to be vacated and trial de novo ordered simply to determine the interest of the subtenants, which at best is not large in amount. If, however, the subtenants do in fact have an interest for which they should be compensated, they should have their day in court. In order to accomplish this result, this matter should be remitted to the Court of Claims for determination of the subtenants' claim. The award, however, to the fee-owners should not be reversed but it should be held pending the determination of the subtenants' rights, if any. If an award is made to the subtenants, it should be deducted from the award to the fee-owners and in such event the award to them should be reduced by the amount awarded to the subtenants. If no award is made to the subtenants, then the award to the fee-owners should stand. Upon completion of further proceedings in the Court of Claims the matter should be returned to this court. (Cross appeals from judgment of Court of Claims for claimants on a claim for damages for permanent appropriation of realty.) Present — Williams, P. J., Goldman, Halpern, McClusky and Henry, JJ.