BEATRICE A. VINCIGUERRA, Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 37011.)

Third Department, November 23, 1964.

*Stephen Vinciguerra* for respondent-appellant.

*Louis J. Lefkowitz, Attorney-General* (*Douglas L. Manley* and *Paxton Blair* of counsel), for appellant-respondent.

REYNOLDS, J. This is an appeal by the State and cross appeal by the claimant from a judgment of the Court of Claims (GUALTIERI, J.) awarding claimant $9,497, with interest.

Involved is the taking of two parcels of vacant land and of a temporary easement over additional land fronting on Route 7 in the Town of Colonie, Albany County, for the construction of the Northway. The record reveals that as of the date the State filed its appropriation maps the record ownership of one parcel was in the name of a corporation owned by claimant's husband or family and the other in the name of one Christopher Curley. Claimant, however, produced deeds to her dated December 31,

1958 conveying the corporation's holding and May 29, 1959, a date after the appropriation maps had been filed, conveying Curley's property. The court below accepted claimant's contention that she was the equitable owner of the Curley property as of the appropriation date and valued the properties as a single parcel. The State objects to this joinder of the properties and asserts they should be valued separately.

While we can discover no cases dealing directly with this issue, we do not find the public policy of this State to be against a joinder such as here involved, provided claimant *satisfactorily* proves she is the owner or equitable owner (see *Kessler* v. *State of New York*, 21 A D 2d 568; *Guptill Holding Corp.* v. *State of New York*, 20 A D 2d 832). It is well established that to recover an award in a condemnation proceeding a claimant need only prove equitable title as opposed to legal title (N. Y. Jur., Eminent Domain, § 112; *Matter of City of New York* [*Jefferson Houses-Lombardi*], 306 N. Y. 278; *Niagara County Sav. Bank* v. *Reese*, 12 Misc 2d 489, 491–492). In the typical case, however, the question is only whether the claimant is entitled to a recovery; whereas here, as the State points out, the result will be a joinder of contiguous plots to enhance their valuation. That this could lead to fraudulent practices is self-evident. It is one thing when the proceeding is adversary and quite another when the grantor and grantee are working in concert. Deeds and agreements, of course, can bear any date. Thus in a case such as the present one, there must be a much more careful scrutiny of the evidence establishing equitable ownership. Here equitable ownership was attempted to be proved by the offer of a prior down payment check, which was not admitted into evidence by the trial court, and the testimony of the parties involved. While in a given case the testimony of the parties alone might, if given careful scrutiny by the Trial Judge, be sufficient, we find on the instant record, as presently developed, that equitable ownership has not been satisfactorily established. On remand, however, we can find no reason for the exclusion from evidence of the disputed check and suggest that the trial court re-examine its determination of this issue (see *Folinsbee* v. *Sawyer*, 157 N. Y. 196, mot. for rearg. den. 158 N.Y. 686; *Clough* v. *State of New York*, 208 Misc. 499).

The judgment should be reversed on the law and the facts and a new trial ordered, with costs to abide the event.

GIBSON, P. J., HERLIHY, TAYLOR and HAMM, JJ., concur.

Judgment reversed, on the law and the facts, and a new trial ordered, with costs to abide the event.