■ In the Matter of the CITY OF NEW YORK, Respondent, Relative to Acquiring Title to Real Property for Opening of West Ave. from Ocean Parkway to Other Streets, in the Borough of Brooklyn. FIELD'S BAKING CORPORATION, Appellant.— In a proceeding in eminent domain, claimant appeals from so much of a decree of the Supreme Court, Kings County, dated April 8, 1964, as contains awards for the fee and fixtures of damage parcels 102, 103 and 103S, on which claimant had conducted a bakery business. Decree reversed insofar as appealed from, on the law and on the facts, with costs to appellant, and proceeding remanded for a new trial in accordance with the principles set forth herein. Claimant's land and a large mill type building in which it conducted a bakery were taken by the city in eminent domain, as well as two buildings which claimant rented to others. Although the bakery building was old and the shell was not in good condition, it had been extensively modified and altered inside to accommodate the special equipment installed. The modifications were so extensive that the city's appraiser refused to hazard an opinion as to what such a structure would rent for, but instead stated that, if the building were not a bakery but simply a mill type industrial building, a rental of some $9,000 a year would be a fair rental. He then capitalized this assumed

rental at the rate of 14%, without any evidence that such a rate was generally used for buildings such as the bakery building. He ignored the rents actually received for the two small buildings which claimant was renting at the time of taking. On this evidence the court found that an annual rental of approximately $11,000 a year was a fair one and made an award for land and buildings based on a capitalization of this rent at 14%. The court stated that if claimant's method of valuation were used, namely, reproduction cost minus depreciation, a still lower award would result. The only evidence offered under this theory, however, was by claimant's witnesses and would have required a much higher allowance than the court made. No allowance was made by the court for claimant's machines and fixtures on the theory that they were not functional to the structure, that some of them were removed from the building and that others were not usable anywhere else because the Department of Health of the City of New York, while permitting their continued use in place, would not sanction the removal to a new location of machines now classified as of insanitary design. We are of the opinion that claimant's theory of valuation was correct as to land and building and also as to the fixtures. The court can arrive at a valuation only on the basis of the evidence and there was none here to support any rental value (*Matter of City of New York [A. & W. Realty Corp.*], 1 N Y 2d 428). In the absence of proof showing rents of other buildings with the essential distinguishing features of claimant's, the value must be arrived at on the basis of the evidence given as to reproduction cost less depreciation (*Matter of City of New York [Kramer Realty Corp.*], 16 A D 2d 148). The finding that the fixtures were not functional to the structure is in our view inconsistent with the law on this point as set forth in a long line of cases commencing at least as early as *McRea* v. *Central Nat. Bank* (66 N. Y. 489). The test which in the last-cited case was applied to fixtures was that they must be annexed to the realty, applied to the purpose of the realty and intended to be permanent. The fact that the machines and fixtures can in fact be removed does not of itself affect their permanence for compensation purposes, so long as the test for classifying them as compensable fixtures is otherwise satisfied. Some of the twine factory machines in the *McRea* case were removable, as was almost all of the equipment in *Jackson* v. *State of New York* (213 N. Y. 34). (See, also, *Banner Milling Co.* v. *State of New York*, 240 N. Y. 533; *Glen & Mohawk Milk Assn.* v. *State of New York*, 2 A D 2d 95; *Matter of City of New York [Lincoln Sq. Slum Clearance Project*], 24 Misc 2d 190, 206, mod. on other grounds 15 A D 2d 153, affd. 12 N Y 2d 1086.) That the equipment might be proscribed by the Department of Health if removed does not affect its compensability (*Glen & Mohawk Milk Assn.* v. *State of New York, supra*). As awards for fixtures removed must, of course, be adjusted down to reflect the value of such fixtures when severed, the result is that the condemner is saved the expense of disposing of the used machines and the claimant is better able to continue his business at another location. In view of the foregoing we believe that a new trial should be had for the purpose of ascertaining the compensation to which claimant is entitled for the appropriation of its property as a "going concern" and without reference to leases or sales of property without the essential distinguishing features of claimant's property or to the 1951 sale in bankruptcy of the land, buildings and then existing fixtures (*Banner Milling Co.* v. *State of New York*, 240 N. Y. 533, *supra*; *Glen & Mohawk Milk Assn.* v. *State of New York, supra*; *Matter of City of New York [Kramer Realty Corp.*], *supra*; 1 Orgel, Valuation Under Eminent Domain [2d ed.], § 22). Beldock, P. J., Ughetta, Christ, Hill and Rabin, JJ., concur.