■ In the Matter of NEW YORK CITY TRANSIT AUTHORITY, on Behalf of the CITY OF NEW YORK, Relative to Acquiring Title to Real Property for the GUN HILL BUS DEPOT in the Borough of the Bronx, Respondent. ESTATE OF MAX DONNER, Appellant.—Final decree, Supreme Court, Bronx County (Herbert Shapiro, J.), entered on or about January 13, 1989, which, *inter alia,* awarded the claimant Estate of Max Donner $2,476,500 for 55 parcels of property acquired by the city by eminent domain for the Gun Hill Bus Depot, unanimously affirmed, without costs.

The scope of judicial review under EDPL 207 (C) is limited to consideration of whether

" '(1) the proceeding was in conformity with the federal and state constitutions,

" '(2) the proposed acquisition is within the condemnor's statutory jurisdiction or authority,

" '(3) the condemnor's determination and findings were made in accordance with procedures set forth in this article, and

" '(4) a public use, benefit or purpose will be served by the proposed acquisition.' " *(Greenwich Assocs. v Metropolitan Transp. Auth.,* 152 AD2d 216, 219.)

Nevertheless, "the Court of Appeals has held that this limited judicial review does not contemplate a de novo consideration of the issues, or a determination as to whether the condemnor's conclusion is supported by substantial evidence. *(Matter of Jackson v New York State Urban Dev. Corp.,* 67 NY2d 400, 418.)* Rather, the court's review is confined to whether the procedural requirements of EDPL article 2 were met and, with respect to the substantive determination and findings, whether there exists a rational factual basis therefor". *(Greenwich Assocs. v Metropolitan Transp. Auth.,* 152 AD2d, *supra,* at 219; *Long Is. R. R. Co. v Long Is. Light. Co.,* 103 AD2d 156, 168, *affd* 64 NY2d 1088.)

Here, the claimant does not contest that the city has a general power of condemnation nor is there a claim that the condemnation herein is beyond the city's statutory authority, but rather merely that the trial court erred in refusing to adopt the highest and best use for the subject property as described by the claimant's appraiser and in giving weight to the city's appraisal.

Nevertheless, since a rational basis supports the city's finding that the claimant was entitled to $2,476,500 for the 55 parcels of the subject property acquired by the city in the underlying condemnation proceeding, there is no basis to set aside the determination. *(Greenwich Assocs. v Metropolitan Transp. Auth.,* 152 AD2d 216, 219, *supra; Vic's Automotive Servs. v State of New York,* 91 AD2d 1115.) Concur—Ross, J. P., Carro, Kassal, Ellerin and Rubin, JJ. *[See,* 142 Misc 2d 629.] *[See,* — AD2d — (Oct. 23, 1990).]