■ In the Matter of NEW YORK CITY TRANSIT AUTHORITY (ESTATE OF MAX DONNER), Appellant, v CITY OF NEW YORK, Respondent.—Leave to appeal to Court of Appeals from this court's order (161 AD2d 394), entered on May 15, 1990 denied; reargument of the order granted to the extent of recalling and vacating the memorandum decision filed therewith and substituting therefor the following: Final decree, Supreme Court, Bronx County (Herbert Shapiro, J.), entered January 13, 1989, which, inter alia, awarded claimant appellant estate of Max Donner $2,476,500 for 55 parcels of property acquired by petitioner-respondent City of New York by eminent domain for the Gun Hill Bus Depot, unanimously affirmed, without costs.

In this case, claimant appellant estate of Max Donner (claimant) does not contest that respondent, the City of New York (City), has a general power of condemnation, nor is there a claim that the condemnation herein is beyond the City's statutory authority. Rather, claimant merely contends that the trial court erred in refusing to adopt the highest and best use for the subject property as described by the claimant's appraiser and further erred in giving weight to the City's appraisal.

This court is statutorily empowered to review questions of law and questions of fact in the case at bar (CPLR 5501 [c]). However, while our authority is as broad as that of the trial court, in reviewing its determination insofar as the amount of damages arising from the condemnation is concerned, we remain mindful of the fact that the Trial Judge had the advantage of seeing the witnesses. (Northern Westchester Professional Park Assocs. v Town of Bedford, 60 NY2d 492, 499 [1983]; Siegel, NY Prac § 529, at 731-732.)

Applying this standard of review in the case at bar, we conclude that the findings made in this bench trial by the trial court, who, in addition to presiding, visited the subject property a number of times, are amply supported by the evidence. Accordingly, we affirm. Concur—Ross, J. P., Carro, Kassal, Ellerin and Rubin, JJ. [See, 142 Misc 2d 629.]