■ GEORGE A. JOHNSON, JR., et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 103065.) [781 NYS2d 764]—

In a claim to recover damages for a partial taking of real property, the plaintiffs appeal, as limited by their brief, from so much of an order of the Court of Claims (Ruderman, J.), dated February 5, 2003, as granted that branch of the defendant's motion which was to dismiss the claim by a partnership consisting of the plaintiffs on the ground that the partnership lacked standing, and substituted them individually as claimants in the place and stead of the partnership, and, sua sponte, determined

that the subject property was not to be valued as a single economic unit.

Ordered that on the Court's own motion, so much of the notice of appeal as purports to appeal as of right from that part of the order which, sua sponte, determined that the subject property was not to be valued as a single economic unit, is treated as an application for leave to appeal from that part of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof which, sua sponte, determined that the subject property was not to be valued as a single economic unit; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondent.

A partnership allegedly consisting of three individuals holding title in various combinations to contiguous pieces of real property submitted this claim for compensation following the defendant's partial taking of the properties. The defendant moved to dismiss the claim on the ground, inter alia, that the partnership did not have title to the subject realty, and thus lacked standing to litigate the claim. The defendant also moved to substitute the named individuals as claimants. The Court of Claims granted those branches of the defendant's motion and, sua sponte, determined that the subject property could not be valued as a single economic unit.

It is undisputed that the partnership did not have legal title to the subject real property. While a claimant seeking compensation for condemned property may, in appropriate circumstances, seek recovery by demonstrating an equitable interest therein, as opposed to legal title (*see Matter of City of New York [Jefferson Houses—Lombardi]*, 306 NY 278 [1954]; *Vinciguerra v State of New York*, 22 AD2d 93 [1964]), in this case, the partnership failed to show that it had any equitable interest in the condemned property, so as to qualify as a "[c]ondemnee" within the meaning of the Eminent Domain Procedure Law (EDPL 103 [C], [E], [F]). Accordingly, the Court of Claims properly substituted the individual property owners as claimants in this matter, in the place and stead of the partnership.

However, the Court of Claims erred in, sua sponte, determining that the subject parcels could not be valued as a single economic unit. To establish the propriety of such a valuation, the property owner must show that the subject parcels are contiguous, and that there is a unity of use and of ownership (*see Erly Realty Dev. v State of New York*, 43 AD2d 301, 303-304 [1974];

*Guptill Holding Corp. v State of New York*, 20 AD2d 832, 833 [1964]). There is no dispute that the subject parcels are physically contiguous. The Court of Claims determined that the subject parcels were owned by individuals as to whom there was no basis for finding a unity of ownership. However, there is evidence in the record that the individuals agreed that they would share equally in the expenses, gains, and losses with respect to the subject parcels. We conclude that such joint control over the subject parcels was enough to establish the parties' unity of ownership for valuation purposes (*see Guptill Holding Corp. v State of New York*, 23 AD2d 434, 437 [1965]). However, determination whether there was a unity of use of the subject parcels in this case must await a further factual development of the record. Altman, J.P., Smith, H. Miller and Mastro, JJ., concur.