■ In the Matter of VILLAGE OF PORT CHESTER, Respondent, v FABIO SORTO, Doing Business as RESTAURANTE RINCONCITO SALVADORENO, Appellant. [788 NYS2d 422]—

In a condemnation proceeding, Fabio Sorto, doing business as Restaurante Rinconcito Salvadoreno, appeals from an order of the Supreme Court, Westchester County (Rosato, J.), entered November 12, 2003, which granted the motion of the Village of Port Chester to dismiss his claim for compensation for trade fixtures.

Ordered that the order is reversed, on the law, with costs, the motion is denied, the claim is reinstated, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings in accordance herewith.

The petitioner, Village of Port Chester, obtained title by eminent domain to a parcel of property where the appellant operated a restaurant, Restaurante Rinconcito Salvadoreno. The appellant filed a claim for compensation for trade fixtures located in the restaurant on the property. In a prior appeal, this Court affirmed an order which granted the Village's motion for a writ of assistance for possession of the parcel, holding that, on the record made, the appellant had failed to proffer competent evidence that he was entitled to compensation for the trade

fixtures in the restaurant and, therefore, was a "condemnee" who could not be removed without an advance payment (*see Matter of Village of Port Chester [Greatest Estate Servs. of Am.],* 303 AD2d 416 [2003]). Subsequent to our determination, the appellant filed this claim for compensation for trade fixtures, he was deposed, and there was additional disclosure. On the more developed record before the Court on this appeal, we reverse the dismissal of the claim.

The Eminent Domain Procedure Law codifies the constitutional requirement that just compensation be paid to all persons whose property rights are acquired by eminent domain (*see* EDPL 101; *520 E. 81st St. Assoc. v State of New York,* 99 NY2d 43, 47 [2002]; *City of Buffalo v Clement Co.,* 28 NY2d 241, 258-261 [1971]). The EDPL broadly defines a "condemnee" as a "holder of any right, title, interest, lien, charge or encumbrance" in or on real property acquired by eminent domain (EDPL 103 [C]). Condemnees include the owners of fixtures appended to real property taken by eminent domain (*see Matter of City of New York [G & C Amusements],* 55 NY2d 353, 359 [1982]; *Interlake Serv. Sta. v State of New York,* 249 AD2d 275, 276 [1998]; *Whitehall Corners v State of New York,* 210 AD2d 398 [1994]). Here, the appellant presented evidence that, although the lease to the subject parcel was in the name of his brother-in-law, he had operated the restaurant on the parcel with the knowledge and consent of his brother-in-law and the landlord (whose office was also located on the property) for several years prior to the condemnation. Further, during that time, he made and paid for significant improvements to the restaurant, including the installation of valuable fixtures taken in the condemnation. These assertions, if credited, would be sufficient to support a finding that the appellant was a condemnee within the meaning of EDPL 103 (C) as to the fixtures. The Village's focus on the fact that the appellant was not the named tenant and did not have a written assignment or sublease was misplaced in light of the broad and inclusive definition of condemnee (*see e.g. Matter of City of New York [Jefferson Houses—Lombardi],* 306 NY 278 [1954]; *Johnson v State of New York,* 10 AD3d 596 [2004]; *Vinciguerra v State of New York,* 22 AD2d 93 [1964]; *cf. Matter of City of New York [G & C Amusements], supra* at 360; *Interlake Serv. Sta. v State of New York, supra* at 276; *Kelder v State of New York,* 22 AD2d 999 [1964]). Further, the Village did not assert that it was subjected to conflicting claims for compensation for fixtures (*see* EDPL 505), or that it otherwise already paid compensation for them (*see City of Buffalo v Clement Co., supra* at 258-261). Finally, the appellant's claim should not have been dismissed due to a failure of proof as to damages.

The appellant has not yet been afforded a full and fair opportunity to present evidence that fixtures were taken in the condemnation and their value, if any (*see City of Buffalo v Clement Co., supra* at 258-261; *Marraro v State of New York,* 12 NY2d 285 [1963]; *Matter of City of New York [Field's Baking Corp.],* 27 AD2d 539 [1966]). Ritter, J.P., Goldstein, Smith and Fisher, JJ., concur.