■ In the Matter of HERRICKS FORE PLAN, INC., Respondent-Appellant, v STATE OF NEW YORK, Appellant-Respondent. [870 NYS2d 173]—

Kavanagh, J. Cross appeals from a judgment of the Supreme Court (Ceresia Jr., J.), entered September 21, 2007 in Albany County, which partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, to, among other things, compel disbursement of the proceeds of a condemnation award.

Petitioner is the long-term lessee of a commercial retail property that has multiple tenants and is located in the Town of North Hempstead, Nassau County. In May 2002, a portion of this property was partially taken by respondent in connection with a highway project. Thereafter, petitioner filed a claim for

compensation for the partial taking.[1] In July 2006, petitioner and respondent entered into an "Agreement of Adjustment" whereby respondent agreed to pay $160,000 plus interest to settle petitioner's claim.[2] As part of that agreement, petitioner agreed to provide respondent, "as a prerequisite to such payment," any documents deemed necessary by the Attorney General "to secure to [respondent] a full release of all claims by reason of the aforementioned appropriation." In furtherance thereof, respondent requested that petitioner obtain releases from the tenants that occupied the premises pursuant to valid leases in effect as of the date of the taking. When petitioner failed to provide releases from two of those tenants—W. Dank, Inc. and Sweat Pea Fruit Exchange, Inc.—respondent refused to pay petitioner the funds as set forth in their agreement. As a result, petitioner commenced this proceeding in the nature of mandamus seeking to compel respondent to disburse the funds and counsel fees (see EDPL 702; 22 NYCRR 130-1.1 [a]). Supreme Court granted the petition to the extent that it directed respondent to disburse the funds to petitioner, but denied petitioner's request for counsel fees. Respondent appeals and petitioner cross-appeals. We now modify Supreme Court's judgment and dismiss the petition in its entirety.

Petitioner argued and Supreme Court agreed that respondent did not need written releases from Dank or Sweet Pea because any claim that either entity might have to a portion of the proceeds of the condemnation award would be, under the facts presented, time-barred. We disagree. EDPL 503 requires that a claim arising from the condemnation of real property must be made by a condemnee within three years of the date of vesting or within three years of the condemnee being served with a notice of acquisition, whichever is later. Neither Dank nor Sweet Pea had been served with the required notice even though each qualified as a condemnee by virtue of its interest in the premises on the date of vesting (see EDPL 103 [C]; *King v Mayor of City of N.Y.*, 102 NY 171, 175 [1886]). As such, each was entitled to be served with a notice of acquisition and, absent proof of such service, the time period for those entities to file a potential claim against the condemnation proceeds has not begun to run.[3]

Petitioner also contends that even if their claims are not time

---

1. The fee owners of the property also filed a claim for compensation, which was subsequently consolidated with petitioner's claim.

2. Petitioner was to receive $133,500 and the fee owners would receive $26,500.

3. Along with the notice of acquisition, each condemnee must also be served with a copy of the relevant portion of the acquisition map, within 90 days after the filing of the acquisition map (*see* EDPL 502 [A]).

barred, Dank and Sweet Pea are not entitled to any portion of the condemnation award because of assignments that each entity made to sublessees of their leasehold interests in the premises. Initially, we note that any right a tenant might have to share in the proceeds of a condemnation award vests as of the date of the taking of the premises and is not automatically transferred by a subsequent sale of the premises or an assignment of their leasehold interest (*see King v Mayor of City of N.Y.*, 102 NY at 175; *Harris v Kingston Realty Co.*, 116 App Div 704, 705 [1907]; *Matter of Mayor of City of N.Y.*, 116 App Div 252, 255 [1906]). While Dank and Sweet Pea assigned to their sublessees their "right, title and interest in . . . the Lease," they did not expressly convey any right they might have had to a condemnation award that covered a period of time while they were in actual possession of the premises. Absent a specific statement to that effect in the assignment, the right to share in any condemnation award is not conveyed by the assignment and remains the property of the assignor (*see Matter of Mayor of City of N.Y.*, 116 App Div at 255; *accord Matter of Hamilton St.*, 144 App Div 702, 704 [1911]).

Given the validity of Dank and Sweet Pea's interest in the premises as of the date of the taking and their right, no matter how minimal, to share in the proceeds of the condemnation award, a writ of mandamus cannot issue and the petition, including petitioner's request for counsel fees, must be dismissed (*see Klostermann v Cuomo*, 61 NY2d 525, 537 [1984]; *Matter of Mordecai v State of New York*, 140 AD2d 782, 784 [1988]).

Peters, J.P., Rose, Lahtinen and Stein, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as partially granted the petition; petition dismissed in its entirety; and, as so modified, affirmed. [*See* 2007 NY Slip Op 32882(U).]