■ MAZUR BROTHERS, INC., Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 1.) MAZUR BROTHERS REALTY, LLC, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 2.) MAZUR BROTHERS, INC., Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 3.) (Claim Nos. 112658, 112659, 112661.) [873 NYS2d 144]—

In three related claims, inter alia, to recover damages for the taking of real property without just compensation, the claimants appeal from an order of the Court of Claims (Scuccimarra, J.), dated May 16, 2007, which denied their joint motion to compel the defendant to make an immediate advance payment to them for the takings, with interest.

Ordered the order is affirmed, with costs.

On April 4, 2006 the defendant State of New York acquired title to the two subject parcels of real property by eminent domain. Pursuant to EDPL 303, the State made pre-vesting offers to the owner of the two properties, the claimant Mazur Brothers Realty, LLC (hereinafter Realty), as compensation. In

a written "Agreement of Adjustment," Realty accepted the State's offer of compensation for the first property as payment in full. In a written "Agreement for Advance Payment," Realty accepted the State's offer as to compensation for the second property, but only as an advance payment (see EDPL 304 [A] [3], [4]). By notice of motion dated January 22, 2007, Realty and its tenant, the claimant Mazur Brothers, Inc. (hereinafter together the claimants), moved to compel the defendant to make immediate advance payment to them, with interest (see EDPL 304).

The Court of Claims properly denied the claimants' motion to compel the State to make an immediate advance payment to them. The evidence submitted established that Realty failed, pursuant to the agreements, to provide the "Attorney General [with] all formal papers which the Attorney General deems necessary to authorize payment and to secure to the State a full release of all claims . . . by reason of the . . . appropriation." Contrary to the claimants' contention, the defendant did not impermissibly seek to condition the advance payments upon Realty's "waiver of any other right" in violation of EDPL 304 (A) (4). Moreover, as the claimants each assert entitlement to the sums offered by the State as compensation for the respective appropriations, the State properly deposited those amounts into a special account which "is subject to an application by an interested person or persons to a distribution proceeding" (EDPL 304 [E] [1]; see Court of Claims Act §§ 22, 23). Rivera, J.P., Angiolillo, Eng and Belen, JJ., concur.