■ In the Matter of New York State Urban Development Corporation, Doing Business as Empire State Development Corporation, Relative to Acquiring Title in Fee Simple to Certain Real Property Situate in the City of Niagara Falls, Petitioner. The Niagara Venture et al., Appellants; Dino Dicienzo et al., Respondents. [881 NYS2d 263]—

Appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered June 10, 2008 in a proceeding pursuant to EDPL article 4. The order, inter alia, granted the motion of respondents Dino DiCienzo, Intertrust Development, Inc. and Niagara Falls Urban Renewal Agency for distribution of the advance payment to them pursuant to EDPL 304.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner condemnor commenced this proceeding seeking to acquire title to property located in Niagara Falls, New York, and Supreme Court granted the petition. The court thereafter granted petitioner's motion for an order directing the clerk of the court to accept a deposit from petitioner in the amount determined by petitioner to be the highest approved appraisal of just compensation for the property, whereupon petitioner was authorized to exercise its right to possession of the property pursuant to EDPL 405. Respondents Dino DiCienzo and Intertrust Development, Inc. (collectively, Intertrust defendants) and Niagara Falls Urban Renewal Agency (NFURA) moved for distribution of the advance payment to them pursuant to EDPL 304 and, contrary to the contention of respondents The Niagara Venture (NV) and National Urban Ventures, Inc. (NUV), the court properly granted the motion.

According to NV and NUV, they were denied their right to a "distribution proceeding" and the court was required to hold a hearing with respect to their claims concerning the advance payment. Even assuming, arguendo, that those contentions are preserved for our review, we conclude that they lack merit. Pursuant to EDPL 304 (D), when a conflict arises over title or the percentage of the condemnation award to be paid to several owners with interests in the condemned property, the condemnor shall "deposit the full or advance payment . . . with the clerk of the supreme court having jurisdiction of the claim." At that point, "the condemnor shall notify all persons claiming an interest in the condemnation award that the amount payable thereunder has been deposited and is subject to an application by an interested person or persons to a distribution proceeding" (id.). Section 304 (D) does not set forth the procedure for such a proceeding, but section 304 (E) (1), which contains identical language except for the substitution of the term "the attorney general" for "the condemnor," provides that "[t]he procedure on such an application shall be the same as provided in [Court of Claims Act § 23] respecting the distribution of deposited court of claims awards . . . ."

Court of Claims Act § 23 provides that applications for awards

are to be made by verified petition. The court then issues an order directing all those who have or claim to have an interest in the award "to appear before such court and to present their claims or demands" (*id.*). The court "*may* on the return day hear all persons interested and make a final order of distribution or refer any claim to a referee to hear, try and report" (*id.* [emphasis added]). Here, the court followed all of those procedures, and the attorneys for all parties appeared before the court and presented their claims. Because there thus is no merit to the claims of NV and NUV with respect to the condemnation award, we conclude that the court did not abuse or improvidently exercise its discretion in issuing a final order without conducting a hearing. We reject the further contention of NV and NUV that, because the Intertrust defendants and NFURA failed to file a notice of claim, they were not entitled to any portion of the condemnation award. The EDPL contains no requirement that a notice of claim be filed by those claiming an interest in the award.

We note in any event that the contentions of NV concerning the advance payment are barred by the doctrine of collateral estoppel (*see generally Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 455 [1985]; *Ryan v New York Tel. Co.*, 62 NY2d 494, 500 [1984]), and that the claims of NUV concerning the condemnation award are barred by the doctrine of judicial estoppel. With respect to NV, those claims to an interest in the property in question were raised and necessarily decided in earlier litigation (*see Niagara Venture v Niagara Falls Urban Renewal Agency*, 56 AD3d 1149 [2008]; *DiCienzo v Niagara Falls Urban Renewal Agency*, 56 AD3d 1149 [2008]; *Niagara Venture v Niagara Falls Urban Renewal Agency*, 56 AD3d 1150 [2008]).

With respect to NUV, "[t]he doctrine of judicial estoppel, also known as the 'doctrine of estoppel against inconsistent positions[,] . . . precludes a party from framing [its] pleadings in a manner inconsistent with a position taken in a prior judicial proceeding' " (*Secured Equities Invs. v McFarland*, 300 AD2d 1137, 1138 [2002]).

Here, the attorney representing NV and NUV is the real party in interest based on his control of both NV and NUV, and that attorney has consistently maintained that only NV had any interest in the condemned property. Indeed, that position is supported by documentation establishing that NUV assigned all of its rights in the subject property to NV. Thus, that attorney will not now be heard to argue an inconsistent position. Present— Centra, J.P., Peradotto, Pine and Gorski, JJ.