█ In the Matter of MAZUR BROTHERS REALTY, LLC, Respondent-Appellant, v STATE OF NEW YORK et al., Appellants-Respondents, et al., Respondents. [895 NYS2d 414]—

On April 4, 2006, the State of New York acquired, by eminent domain, title to two parcels of real property located at 80 Lake Street and 90 Lake Street in White Plains, which were owned by the petitioner, Mazur Brothers Realty, LLC, and leased to Mazur Brothers, Inc. (hereinafter MBI). In a written agreement of adjustment, the petitioner accepted the State's offer of compensation for the parcel located at 80 Lake Street as payment in full "for the total value of the property so appropriated and for all legal damages caused by such appropriation." In a written agreement for advance payment, the petitioner accepted the State's offer as to compensation for the parcel located at 90 Lake Street only as an advance payment (*see* EDPL 304 [A] [3], [4]). The agreement for advance payment provided that the advance payment represented "the value of all claims for the property appropriated and legal damages caused by such appropriation."

As part of both the agreement of adjustment and the agreement for advance payment (hereinafter together the agreements), the State required the petitioner to provide it with assignments of claim and release, to be executed by MBI. The petitioner did not provide the assignments and releases, and informed the State that MBI would be filing trade-fixture claims relating to both parcels.

The petitioner and MBI moved to compel the State to make an immediate advance payment to them, the Court of Claims denied the motion, and this Court affirmed (*see Mazur Bros., Inc. v State of New York*, 59 AD3d 399 [2009]). The petitioner commenced a separate claim against the State to recover damages for breach of contract relating to 80 Lake Street. This Court, in *Mazur Bros. Realty, LLC v State of New York* (59 AD3d 401 [2009]), affirmed an order of the Court of Claims granting that branch of the State's motion which was pursuant to CPLR

3211 (a) (1), in effect, to dismiss that portion of the claim which was to recover damages for breach of contract, and denied the petitioner's cross motion for summary judgment on the claim.

Thereafter, the petitioner commenced these related special proceedings against the State of New York, the New York State Attorney General, and the New York State Comptroller (hereinafter collectively the State) for a distribution of the full award relating to 80 Lake Street and for the advance payment relating to 90 Lake Street.

"An appropriation of land by the State, unless qualified when made, is an appropriation of all that is annexed to the land, whether classified as buildings or as fixtures, and the value of the fixtures must be included in determining the total value of property so appropriated" (*Marraro v State of New York*, 12 NY2d 285, 292 [1963]). "It is well settled that a tenant is entitled to be compensated for trade fixtures annexed to real property that has been condemned by the State in the exercise of its power of eminent domain" (*Whitehall Corners v State of New York*, 210 AD2d 398, 399 [1994]; *see Matter of Village of Port Chester v Sorto*, 14 AD3d 570, 571 [2005]). In a condemnation proceeding, a tenant is not entitled to separate compensation for the value of fixtures when the condemnation award for the real property includes the value of fixtures (*see Matter of New York State Urban Dev. Corp.*, 61 AD3d 421 [2009]).

Here, the Court of Claims improperly distributed, to the petitioner, the money held by the State in a special eminent domain account without first determining the validity and amount, if any, of MBI's claims for trade fixtures (*see* Court of Claims Act § 22; EDPL 505 [B], [C]). The agreements provided that the compensation paid by the State was for the total value of the property appropriated, which included both the real property and the trade fixtures (*see generally Marraro v State of New York*, 12 NY2d 285, 292 [1963]). Therefore, it was incumbent upon the Court of Claims to determine MBI's rights in connection with the appropriation of both 80 Lake Street and 90 Lake Street before distributing any money to the petitioner (*see Matter of New York State Urban Dev. Corp.*, 61 AD3d 421 [2009]; *Lewiston v State of New York*, 17 AD2d 912 [1962]).

Contrary to the petitioner's contention, the State properly deposited the amounts allocated to the appropriations in a special eminent domain account, since both the petitioner and MBI asserted entitlement to the money offered by the State for the appropriations (*see* EDPL 304 [E] [1]). Therefore, the Court of Claims, in accordance with the terms of the agreements, properly determined that the petitioner was not entitled to an

award of 9% interest on the principal sum deposited into the special eminent domain account from the date that the money was deposited into that account until the date of payment (*see generally* EDPL 514 [A]).

The State's remaining contention has been rendered academic in light of our determination. Rivera, J.P., Leventhal, Belen and Austin, JJ., concur.

Motion by the appellants-respondents on an appeal and cross appeal from an order of the Court of Claims dated December 15, 2008, to strike stated portions of the respondent-appellant's reply brief on the ground they improperly raise arguments for the first time in reply. By decision and order on motion of this Court dated October 19, 2009, the motion was held in abeyance and referred to the panel of Justices hearing the appeal and cross appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and the argument of the appeal and cross appeal, it is,

Ordered that the motion is granted to the extent that Points I and II of the respondent-appellant's reply brief are deemed stricken, Points I and II of the respondent-appellant's reply brief have not been considered in the determination of the appeal and cross appeal, and the motion is otherwise denied. Rivera, J.P., Leventhal, Belen and Austin, JJ., concur. **[Prior Case History: 23 Misc 3d 346.]**