In the Matter of LUNT & BELL, LLC, Appellant, v STATE OF NEW YORK et al., Respondents. [935 NYS2d 119]—

The respondents State of New York, New York State Attorney General, and New York State Comptroller (hereinafter collectively the State) correctly concede that the Court of Claims erred in denying the petition. After the State properly deposited the amount payable pursuant to an Agreement for Advance Payment in a special eminent domain account (*see* EDPL 304 [E] [1]; *Matter of Mazur Bros. Realty, LLC v State of New York*, 69 AD3d 726, 728-729 [2010]; *Mazur Bros., Inc. v State of New York*, 59 AD3d 399 [2009]), the petitioner, the owner of the condemned property, commenced the instant proceeding for distribution of the funds. The Court of Claims determined that it could not order a distribution because the three-year statute of limitations to file a claim (*see* EDPL 503; *Matter of Herricks Fore Plan, Inc. v State of New York*, 58 AD3d 904 [2009]) had not run. This reasoning is flawed. EDPL 304 (E) (1) provides that "[t]he determination of the court of claims and final judgment of distribution shall, unless set aside or reversed on appeal, be final and conclusive upon the owners or other persons claiming any interest in or lien or encumbrance on the property so appropriated and the amount deposited." As personal jurisdiction was obtained over all interested parties, any future claims would be barred by the doctrine of collateral estoppel

(*see Matter of New York State Urban Dev. Corp. [Niagara Venture—DiCienzo]*, 63 AD3d 1719 [2009]). Moreover, as the Court of Claims must follow a specific procedure when ordering the distribution of funds (*see* EDPL 304 [E] [1]; Court of Claims Act § 23; *see also Matter of New York State Urban Dev. Corp. [Niagara Venture—DiCienzo]*, 63 AD3d 1719 [2009]), the rights of all interested parties are safeguarded. Mastro, A.P.J., Hall, Sgroi and Cohen, JJ., concur.