In the Matter of MAZUR BROTHERS, INC., Respondent-Appellant, v STATE OF NEW YORK, Appellant-Respondent. (Proceeding No. 1.) In the Matter of MAZUR BROTHERS REALTY, LLC, Respondent-Appellant, v STATE OF NEW YORK, Appellant-Respondent. (Proceeding No. 2.) In the Matter of MAZUR BROTHERS, INC., Respondent-Appellant, v STATE OF NEW YORK, Appellant-Respondent. (Proceeding No. 3.) [949 NYS2d 160]—

On April 4, 2006, New York State acquired two parcels of property, located at 80 Lake Street and 90 Lake Street, respectively, in White Plains, pursuant to Highway Law § 30 and the Eminent Domain Procedure Law, for the purpose of improving the Cross Westchester Expressway. Those parcels were owned by the claimant Mazur Brothers Realty, LLC (hereinafter Mazur Realty), and leased to the claimant Mazur Brothers, Inc. (hereinafter MBI). The tenant MBI operated a furniture store and furniture warehouse on the subject property.

Mazur Realty settled its claims relating to 80 Lake Street for $1,369,500, pursuant to an agreement of adjustment (hereinafter the agreement). Pursuant to the terms of the agreement, prior to payment of the settlement amount, the State demanded that Mazur Realty produce an assignment of claim and release from its tenant, MBI. Mazur Realty failed to produce the release and indicated that MBI would file a separate claim for its trade fixtures. The State deemed the settlement amount to be subject to conflicting claims and deposited $1,369,500 into a special interest-bearing account pursuant to EDPL 304 (E) (1). Mazur Realty commenced a special proceeding, which is still pending, seeking distribution to it of the entire amount in escrow. On prior appeals, this Court reviewed the agreement with respect to 80 Lake Street and determined, pursuant to specific language in the agreement, that Mazur Realty's delivery of MBI's release for the trade fixtures was a "condition precedent required by that agreement" (*Mazur Bros. Realty, LLC v State of New York*, 59 AD3d 401, 402 [2009]) and, therefore, "the compensation paid by the State was for the total value of the property appropriated, which included both the real property and the trade fixtures" (*Matter of Mazur Bros. Realty, LLC v State of New York*, 69 AD3d 726, 728 [2010]).

The claims at issue on the instant appeals are: (1) claim No.

112658 by MBI for the taking of its trade fixtures at 90 Lake Street, (2) claim No. 112659 by Mazur Realty for the taking of real property at 90 Lake Street, and (3) claim No. 112661 by MBI for the taking of its trade fixtures at 80 Lake Street and the "consequential taking" of its trade fixtures at 62 Lake Street. After a nonjury trial, the Court of Claims rendered determinations with respect to each of these claims. With respect to claim No. 112659, relating to Mazur Realty's claim for the taking of real property at 90 Lake Street, it adopted the comparable sales approach to valuation, and concluded that 90 Lake Street consisted of 7,990 square feet worth $140 per square foot or $1,118,600. With respect to claim Nos. 112658 and 112661, relating to MBI's claims to trade fixtures, the Court of Claims accepted the testimony of the claimants' principal that all trade fixtures belonged to the tenant MBI, which had possession of the premises since 1948. It awarded MBI $219,700 for trade fixtures at 90 Lake Street, $508,600 for trade fixtures at 80 Lake Street, and $39,700 for trade fixtures at 62 Lake Street.

In condemnation cases, the authority of this Court to review findings of fact after a nonjury trial is as broad as that of the trial court (see *Matter of New York City Tr. Auth. [Estate of Donner] v City of New York*, 166 AD2d 336 [1990], citing *Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]). This court "may render the judgment it finds warranted by the facts, taking into account that in a close case the trial court had the advantage of seeing and hearing the witnesses" (*BRK Props., Inc. v Wagner Ziv Plumbing & Heating Corp.*, 89 AD3d 883, 884 [2011]).

The judgment entered on claim No. 112658 for MBI's trade fixtures at 90 Lake Street, included awards in the sum of $63,100 (rounded) for items 117 and 118, described as a 2,205 square-foot "mezzanine platform" and supporting structure. This "mezzanine platform" is the same as the 2,350 square-foot lower level included in Mazur Realty's real estate appraisal. The Court of Claims, in valuing the real estate, included that 2,350 square feet in the square footage of the realty.

MBI's trade fixtures appraiser acknowledged that the platform was "a floor . . . in the building." He noted that items which enhanced the value of the real estate for general use were not trade fixtures, while items installed for the particular needs of the tenant's business were trade fixtures. He considered the "entire floor" a trade fixture because the floor and its supports provided "a tremendous amount of support."

A government appropriation of real property encompasses the land and everything annexed thereto, whether classified as

buildings or as fixtures (*see Matter of City of New York [Kaiser Woodcraft Corp.]*, 11 NY3d 353, 359 [2008]). "Under the trade-fixture rule, a claimant is entitled to compensation for trade fixtures it has a right under its lease to remove, but chooses not to remove" (*Matter of Village of Port Chester*, 42 AD3d 465, 466-467 [2007]; *see Marraro v State of New York*, 12 NY2d 285, 292-293 [1963]; *Whitehall Corners v State of New York*, 210 AD2d 398, 399-400 [1994]). Trade fixtures owned by a tenant are valued separately from the realty (*see Matter of West Bushwick Urban Renewal Area Phase 2*, 69 AD3d 176, 184 [2009]), generally as specialty property, based upon reproduction cost less depreciation, which is also referred to as "sound value" (*Matter of City of New York [Kaiser Woodcraft Corp.]*, 11 NY3d at 356). However, items installed by a tenant which have become an integral part of the realty are ordinarily not separately compensable to the tenant, "except to the extent installed solely to service fixtures that were specially installed for the occupant's particular purpose" (*Matter of City of New York [Kaiser Woodcraft Corp.]*, 39 AD3d 131, 134 [2007], *revd on other grounds* 11 NY3d 353 [2008]).

Here, items 117 and 118, constituting the "mezzanine platform," are an integral part of the realty which could be used to hold a variety of materials—not only MBI's furniture. MBI failed to establish that these items constituted trade fixtures. Further, Mazur Realty's real estate appraiser testified that the building was built as a one-story building in 1925, the rear section was added in 1930, and the basement was extended in 1951. It appears that the "mezzanine platform" is part of the rear section. The uncontradicted evidence established that MBI had possession of the premises only since 1948. Under the circumstances, MBI failed to satisfy its burden of proving that items 117 and 118 were installed as trade fixtures for which it was entitled to compensation (*see Conklin v State of New York*, 38 NY2d 726 [1975]; *cf. Matter of Village of Port Chester*, 42 AD3d at 467). Accordingly, we reduce the award with respect to claim No. 112658 by $63,100, from the principal sum of $219,700 to the principal sum of $156,600.

The State contends that the Court of Claims improperly considered MBI's claims for trade fixtures in the instant proceedings because the prior rulings relating to Mazur Realty's agreement to accept $1,369,500 in settlement of its claim relating to 80 Lake Street affect MBI's rights to compensation for its trade fixtures in the instant proceedings. Since MBI was not in privity with Mazur Realty for the purposes of the previous litigation, it is not estopped from asserting its current claims with

respect to its trade fixtures (*see Ryan v New York Tel. Co.*, 62 NY2d 494, 500 [1984]; *Breslin Realty Dev. Corp. v Shaw*, 72 AD3d 258, 262 [2010]; *Buechel v Bain*, 275 AD2d 65, 73-74 [2000], *affd* 97 NY2d 295 [2001], *cert denied* 535 US 1096 [2002]; *cf. Matter of West Bushwick Urban Renewal Area Phase 2*, 69 AD3d at 182-184). MBI was a "[c]ondemnee" pursuant to EDPL 103 (C), with the right to bring its own separate claims in the Court of Claims (*see Matter of Village of Port Chester v Sorto*, 14 AD3d 570, 571 [2005]). Accordingly, the Court of Claims properly considered MBI's claims for trade fixtures in the instant proceedings.

The State also contends that the judgments awarding MBI compensation for trade fixtures may expose the State to potential double payment for the same fixtures in the special proceeding relating to the $1,369,500 settlement, which is still pending in the Court of Claims. The State acknowledges that "the special proceeding has not yet determined the rights to the deposited funds." Accordingly, the proper forum for resolving issues relating to the distribution of the $1,369,500 is in the special proceeding.

The parties' remaining contentions either are not properly before this Court, are without merit (*see Matter of Northville Indus. Corp. v State of New York*, 14 AD3d 817, 818 [2005]; *815 Assoc. v State of New York*, 251 AD2d 538, 539 [1998]), or need not be addressed in light of our determination. Angiolillo, J.P., Belen, Lott and Miller, JJ., concur.